## City, to use of O'Rourke, *versus* Hays.

1. To a scire facias on a municipal claim, the defendant pleaded that the highway department had contracted with the claimant without complying with the provisions of the ordinance under the provisions of which the contract was made. The claimant replied that under a subsequent ordinance all such contracts were ratified and approved. The defendant demurred on the ground that the contract having been invalid it could not be thus ratified as against defendant: *Held*, that judgment should have been entered for claimant on the demurrer.

2. Although the agent of the city exceeded his authority, as the contract was one which the city might have authorized, it could waive the irregularity and adopt the contract after it was made. The question of adoption is one exclusively for the city, and with which the citizen has nothing to do.

3. McKnight et al. *v.* City of Pittsburgh, 10 Norris 273, followed; City of Philadelphia *v.* Phila. & Reading Railroad Co., 7 Norris 314, distinguished.

January 30th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas, No. 4, of *Philadelphia county :* Of July Term 1879, No. 96.

Scire facias by the City of Philadelphia, to the use of Michael O'Rourke against John Hays, owner, or reputed owner, on a municipal claim for paving in front of a lot on Lehigh avenue, " having been done pursuant to a contract made under the authority of an ordinance of the city of Philadelphia, approved December 30th 1873, after the claimant had been selected by the owners in accordance therewith, for which sum of $53.37, with interest thereon, a lien is claimed upon the above-described premises, pursuant to divers statutes enacted and provided."

To the scire facias the owner pleaded, "That by the ordinance of the city of Philadelphia, approved December 30th 1873, providing for the paving of Lehigh avenue, between Richmond street and Frankford road, the Department of Highways was only authorized to enter into a contract for such paving (for a portion of which the claim upon which this suit has been brought was filed) with a paver, or pavers, to be selected by a majority of the owners of property fronting on Lehigh avenue, between Richmond street and Frankford road, and the defendant, in fact, says that the said Michael O'Rourke was not, when he applied to said Department of Highways for the contract to do the said paving, and when the said contract was awarded to him, a paver selected by a majority of the owners of property fronting on Lehigh avenue, between Richmond street and Frankford road."

And for a further plea, " That by certain ordinances of the city of Philadelphia, approved December 31st 1862 and March 24th 1871, it was provided that before any contract for paving any

[City v. Hays.]

street or streets should be entered into by the Highway Department, the person or persons applying for such contract should give notice of such application, setting forth, inter alia, the name and residence of each person signing for the contractor making such application; and the said defendant, in fact says, that the said Michael O'Rourke did not give any notice of his application for the contract for paving the cartway of Lehigh avenue, setting forth the name and residence of each person alleged to have signed his application for said contract."

To these pleas the plaintiff filed the following replication : " That nothing therein contained bars a recovery for the work done as in said claim set forth, because that by an ordinance of the city of Philadelphia, approved December 3d 1878, it is expressly provided that ' all contracts for paving streets entered into by the Department of Highways under which work has been done under resolution or ordinance authorizing the same, be, and the same are, hereby ratified and approved,' and this plaintiff, is ready to verify."

To this replication the defendant demurred, for the following reasons :

As the contract entered into between the City of Philadelphia and Michael O'Rourke for the paving of the market plots in Lehigh avenue, referred to in the claim upon which this suit is brought, was an utterly void contract, the same could not be and was not legally ratified and approved as against this defendant by the said ordinance of December 3d 1878.

The councils of the city of Philadelphia had no power, right or authority as against this defendant to pass an ordinance ratifying or approving an invalid contract theretofore made and thereby to impose upon the property of this defendant a lien to which it was not previously thereto subject.

The said contract between the said city and Michael O'Rourke was an absolute nullity, and no ordinance of councils or proceeding thereupon could ever validate the same or impose any lien or liability arising therefrom as against the defendant or his property.

The said ordinance was not intended to ratify and approve absolutely void contracts theretofore made between it, the said city, and a contractor not chosen in accordance with the ordinance authorizing the paving, such as that made between the said city and the said Michael O'Rourke.

The said ordinance was intended to ratify and approve invalid or void contracts only as between the said city and the contractor, and not as against the property owners along the line of the streets paved.

Because the said ordinance has no application to the contract

[City *v.* Hays.]

between the said city and Michael O'Rourke, referred to in the claim in this cause.

And also because the said replication is in other respects uncertain, informal and insufficient.

*David W. Sellers,* for plaintiff in error.—The ordinance of December 3d 1778 set forth in the replication, it is believed, cured all contracts under which the work was done, and the only question is, whether the city could ratify work done by a volunteer upon which no adjudication had taken place.

The paving created a lien, not the contract therefor. The claim was filed within six months from the time of the work done. No law conferred upon the owner the right of selection; that wholly depended upon the pleasure of the city. If a volunteer should have paved, and used her name in filing claims, a lien would have been created, though defeasible and avoidable by showing a want of authority. Until this should be done, however, the remedy was subject to cure, and this is exactly what was done in the case before the court.

The principle governing this case was settled in Bolton *v.* Johns, 5 Barr 145

*Thomas Hart, Jr.,* for defendant in error.—The contract referred to in the claim made between the city and O'Rourke for the paving of the market plots upon Lehigh avenue, has been decided by this court to be utterly void, and the liens filed against the properties of owners of ground along Lehigh avenue have been declared invalid : City of Philadelphia *v.* Philadelphia and Reading Railroad, 7 Norris 314.

This is an attempt to override that decision by the application of the ordinance of December 3d 1878. It is not necessary for this defendant to consider how far the ordinance of 1878 may have imposed any liability upon the city. It is sufficient for him that the ordinance cannot, as against him, validate the contract with O'Rourke, and make, by its mere enactment, that a good lien which was none before.

In the present case there is no repeal of the original ordinance, and no dispensation with the requirement thereof, that the nominee must be the choice of a majority of the property owners. There is no purpose to provide for a new contract with anybody else; nothing but the attempted validation of an inherently and incurably bad one.

Nor is the case of Bolton *v.* Johns, *supra,* cited by the plaintiff, in point. The debt there was good, and all the legislature attempted to do was to give a new and more efficient remedy for the collection thereof. See Mr. Meredith's argument that the power of the legislature to validate void contracts is confined to matters of

[City v. Hays.]

mere informality.  A contract which has become void by force of its inherent conditions cannot be reinstated by an Act of Assembly: Plank Road Co. v. Davidson, 3 Wright 435.

Mr. Justice GORDON delivered the opinion of the court, March 1st 1880.

The Act of February 2d 1854, clothes the city councils with full power to order the paving of streets and foot-ways, and to charge the expense to the owners of the ground in front of which the work is done.  Thus the first part of this act gives them the unqualified power to pave the streets, and this they may do by contract or otherwise, as to them may seem proper, whilst the latter part prescribes the method of taxation by which the means may be raised to pay for the work.  It is not, indeed, pretended that any Act of Assembly requires the property owners to be consulted, either as to the character of the work proposed to be done, or as to the contractor who shall execute that work.  As was held in Dickinson v. Peters, 6 W. N. C. 458, the councils may, in the face of their own ordinance, order a contract to be awarded to one not the choice of the property owners.

The case of the City v. The Railroad Co., 7 Norris 314, did not turn upon any want of power in the city to make the contract as it was made, but on the fact that its agent, the Highway Department, had exceeded its authority in making the contract with O'Rourke, notwithstanding the fact that a majority of the property owners had refused to indicate him as their choice.  Therefore, this contract could not be enforced against the lot-holders, for the reason that it was not binding on the city.  It was on this ground alone, and not because of any equity in themselves, that they were enabled to resist payment.  But under the powers vested in the city councils, already referred to, there is no doubt that they could have approved and accepted the work, and so have bound the city. And whether it was proper so to do or not, was a question for them, and not for the property owner.  His right was to have a good pavement in front of his premises, and personally he had no other right.  When, therefore, by the ordinance of December 3d 1878, the councils ratified the contract with O'Rourke, the city became bound, and the defence by the property owners, on that ground, was, of course, no longer available.

In principle this case is the same as McKnight v. City of Pittsburgh, 10 Norris 273.  The defence to the lien in that case was, that the contract was invalid in that the city engineer, by whom the contract was executed on part of the city, had exceeded his authority in adopting a grade different from that prescribed by ordinance.  But the power of the councils to ratify the contract, thus rendered void by the act of the agent making it, was by this court sustained, in the language following: "Such being the

[City *v.* Hays.]

case, the engineer exceeded his authority when he disregarded that grade and adopted a new one, and the city, at any time before the adoption, by it, of the work done by the contractor, might have repudiated the act of its engineer and avoided the contract. But it could not do this after such adoption; for, as in the case of a private person, it having the power to contract, the power to adopt a contract, made for its benefit, is necessarily involved in the original power. It is, indeed, but a question of power that we have to consider; that being determined all is determined. Hence, we repeat, the city having the undisputed power to establish grades, and to make contracts for paving, the correlative power of adopting grades and contracts made by its officers, for its own benefit, necessarily follows."

In the case in hand, as in the one above cited, the agent exceeded its authority, but as the contract was one which the city might have authorized, it could waive the irregularity, and adopt that contract after it was made. The question of adoption, however, as we have already said, was one exclusively for the city, and with which the citizen had nothing to do. That the cost of the work is to be assessed on his property does not alter the case, for the assessment is, after all, but a municipal tax, and, we presume, were this a repaving, and, therefore, payable by general taxation, no one would contend that a citizen could defend against the payment of his tax on the ground that the contract, under which the work had been done, though approved and adopted by the city, had been originally void, or voidable, by reason of a want of authority in the agent by whom it was executed. Thus, if we leave out of view, as we should do, the peculiar method of the assessment and collection of the tax by which the work is to be paid for, the matter becomes very clear and obvious. The doubt and obscurity arise only when we treat these paving contracts as somehow made with or for the lot-owner, and therefore requiring his ratification for its validity.

> The judgment of the court below is reversed, and it is now ordered that judgment on the demurrer be entered for the plaintiff, for the amount of the claim filed with interest and costs; liquidation to be made by the prothonotary of said court.