## CITY OF PHILADELPHIA v. E. S. RICHARDS.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF PHILA-
DELPHIA COUNTY.

Argued January 24, 1889—Decided February 25, 1889.

1. A lien upon a municipal claim for paving and curbing being of purely statutory creation, if the claim do not aver upon its face all the facts necessary to sustain its validity, it may be summarily stricken off on motion.
2. But it is unnecessary that the claim should set out the provisions of the ordinance or ordinances under which the work was to be done and directing the manner of its execution, with an averment of compliance therewith, as it is sufficient if the necessary proof is made at the trial.
3. Connellsville Bor. v. Gilmore, 15 W. N. 343; Gans v. Philadelphia, 102 Pa. 97, and Philadelphia v. Dungan, ante, 52, distinguished, as in those cases the averment of an element of statutory liability was omitted from the claims filed.
4. An amendment of a municipal claim by adding an averment of notice to the owner to do the work claimed for and his neglect thereof for thirty days, though allowable under § 9, act of April 21, 1858, P. L. 387, is not of absolute right, and in the absence of anything on the record to show the ground of the application or the reasons for its refusal, it will be presumed that the action of the court below was right.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 163 July Term 1888, Sup. Ct.; court below, No. 16 March term 1888, M. L. D.

### Statement of Facts.

On March 21, 1888, a municipal claim for a lien for paving and curbing was filed by the city of Philadelphia, for use of Arthur McGinn, against Edwin S. Richards, of which the following is a copy as to its essential portions:

" The city of Philadelphia to the use of Arthur McGinn files this its claim against Edwin S. Richards, owner, or reputed owner, and registered owner, or whoever may be owner, of all that certain lot or piece of ground, and improvements thereon erected, situate . . . . . for work done and materials furnished within six months last past in paving the cartway on said Seymour street and curbing the said Seymour street, in front of the said lot of ground and premises, per bill and statement as follows:

November 1, 1887.

| | | |
|---|---:|---:|
| To 75 sq. yards Cartway Paving at $2.73 per yard . | $204 | 75 |
| " 45 feet new Curbstone set at 75c. per foot . | 33 | 75 |
| " Curb regulation . . . . . . . | | 90 |
| " Measuring charge . . . . . . | | 90 |
| " City Solicitor's com., 5 per cent . . . . | 12 | 01 |
| | $252 | 31 |

Amounting to the sum of $252.31, for which sum, with interest, a lien is claimed against the premises above described. The said paving and curbing having been duly authorized by an ordinance of the select and common councils of the city of Philadelphia, duly signed by the mayor, and did authorize the contractor who did the work and furnished the materials for the same to collect and recover to his use all claims arising and accruing for the costs and expenses of said paving and curbing, and which paving and curbing were duly assessed and charged at the just value thereof against the lot of ground and premises above described, agreeably to the several acts of assembly of the commonwealth of Pennsylvania relating to municipal claims for paving, curbing, etc. And that a bill for said paving and curbing, made out according to law, was duly served upon the said owner, and notice given to him that if the same was not paid within thirty days a claim for the same would be filed. Said bill was served and notice given more that thirty days before filing hereof."

Arguments.

On May 21, 1888, on motion of the defendant, a rule was entered on the plaintiff to show cause why the claim should not be stricken off; served.

On June 7, 1888, before any disposition was made of this rule, on motion of the plaintiff a rule was entered upon the defendant to show cause why the claim should not be amended by adding thereto the words following, to wit:

"That the said Edwin S. Richards was duly notified by the chief commissioner of highways to set the curb in front of the said property, and the said Edwin S. Richards did neglect to set the said curb for more than thirty days after the service of said notice, and thereupon the said plaintiff did furnish and set the curb, as in the bill of particulars fully set forth, in accordance with the ordinances and acts of assembly in such case made and provided."

On June 16, 1888, the court in banc, ALLISON, P. J., without opinion or reasons filed, discharged the rule to amend, and made absolute the rule to strike off the claim. Thereupon the claimant took this writ, assigning as error:

1. The order making absolute the rule to strike off the claim.
2. The order discharging the rule to amend the claim.*

*Mr. George P. Rich* (with him *Mr. Francis S. Cantrell*), for the plaintiff in error:

1. Assessments or charges for municipal improvements result from an exercise of the taxing power, and are regarded as an equivalent from the owner for the improvement made to the value of his property: Northern Liberties v. St. John's Church, 13 Pa. 104. The power of the city of Philadelphia to pave and curb its streets and to file liens for the expense thereof against adjoining owners, is conferred by the act consolidating the city and county: act of February 2, 1854, P. L. 43; Philadelphia v. Hays, 93 Pa. 72. The power to pave the cartway, includes the power to curb the footwalk, if necessary for the proper support and protection of the street: Schenley v. Commonwealth, 36 Pa. 29; Allegheny City v. Blair, 74 Pa. 225.

---

*Writs of error, taken to like proceedings upon four other claims of like form and object, were argued upon the same assignments of error with this.

2. The averments that must be contained in such claims are prescribed by the following acts of assembly.; Act of February 3, 1824, 8 Sm. L. 189; § 9, act of April 16, 1840, P. L. 412; § 2, act of April 16, 1845, P. L. 488; § 2, act of March 11, 1846, P. L. 114. Under these acts the city of Philadelphia has for years curbed and paved its streets and assessed the cost thereof against the adjoining property, as part of the general method of taxation. In the present cases, the form in which the claims were drawn was that adopted and used for years, and is in conformity with the decisions of this court rendered in Philadelphia v. Sutter, 30 Pa. 53; Delaney v. Gault, 30 Pa. 63.

3. Presumably the court below rested its judgment upon Connellsville Bor. v. Gilmore, 15 W. N. 343. That case, however, has not the most remote bearing upon municipal claims for curbing and paving in Philadelphia. It was a claim filed by the borough for removing an obstruction to a highway, which it was empowered to file, under the act of April 3, 1851, P. L. 320, only after the default of the owner to remove the obstruction after demand upon him by the borough authorities to do so. In the case at bar, under the act of 1854, the city had passed the general ordinance of May 3, 1855: Brightley's City Digest, 229; and a special ordinance was duly enacted authorizing the paving and curbing of Seymour street, for which these claims were filed. Courts do not take judicial notice of ordinances; and, as they must either be pleaded or offered in evidence, compliance with them so far as they create conditions precedent to the awarding of the contract and doing the work, must be proved by the city as evidence, on the trial of the case: Reilly v. Philadelphia, 60 Pa. 467; Philadelphia v. Edwards, 78 Pa. 62; Fell v. Philadelphia, 81 Pa. 58; Philadelphia v. Sanger, 5 W. N. 335.

4. It has never been held that the preliminary details prescribed by the city itself, and which constitute, not the state's limitations on the powers of the city as a municipality, but simply the city's own machinery, to be followed by its officers in executing its powers, must be averred on the face of the claim. If they are set forth, then, as § 2, act of March 11, 1846, P. L. 114, makes the claim evidence of the facts therein set forth, the city gains the advantage of proving them at the

trial by the claim itself; but on the other hand, she may, if she choose, produce this evidence on the trial instead of setting it forth in the lien: Northern Liberties v. St. John's Church, 13 Pa. 104; Thomas v. Northern Liberties, 13 Pa. 117; Watson v. Philadelphia, 93 Pa. 111; Brinton v. Perry, 1 Phila. 436; Philadelphia v. Walter, 15 Phila. 177.

5. The act of April 21, 1858, § 9, P. L. 387, provides that municipal claims for taxes, liens, public assessments or charges may be amended at any time before or at the trial. The amendment was totally unnecessary to save the claim, but the plaintiff had the right to make it, and it was error to refuse it: Allentown v. Hower, 93 Pa. 332.

*Mr. Bernard Gilpin,* for the defendants in error:

1. To constitute a valid claim for lien, every material fact necessary to make out a prima facie case on the part of the claimant must be averred in the claim filed, and any objection to the claim on the ground of irregularity or defects of form, must be made on a demurrer, or on a rule to strike off: Steinman v. Henderson, 94 Pa. 313. The claims filed below were defective in three particulars:

(*a*) The ordinance directing the paving of Seymour street: Ordinances of 1887, 35–8, expressly provides that "said street shall be first dedicated or properly opened," and, in consequence, the dedication or proper opening of the street was an essential prerequisite to the authority of the city to order, or of the contractor to do the work, and the dedication or proper opening must be averred in the claim. An averment that the work was duly authorized is not sufficient: Connellsville Bor. v. Gilmore, 15 W. N. 343.

(*b*) The ordinance further provides that "the chief commissioner of highways shall first advertise for proposals for paving said street, and award the contract to the lowest bidder." No such averment appears in any of the claims filed.

(*c*) The claims fail to aver that the owners of the property were notified to do any of the work before it was done by the city, as is required by the ordinance of June 7, 1882: Ordinances of 1882, 158.

The present cases are on all fours with Connellsville Bor. v. Gilmore, 15 W. N. 343, to which all cases cited by the plaintiff must give way.

2. The position that claims may be amended under § 9, act of April 21, 1858, P. L. 387, is ruled by Philadelphia v. Sanger, 8 W. N. 151. The amendments if allowed would have given the plaintiff great advantage over defendants on the trial. The act of June 11, 1879, § 2, P. L. 122, relating to the amendment of mechanics' liens, is even more comprehensive than the act of 1858, and in Knox v. Hilty, 118 Pa. 430, it was held that amendments introducing material averments will not be allowed after the expiration of the time within which a lien must be filed.

OPINION, MR. JUSTICE MITCHELL:

It is conceded on all hands, that a lien upon a municipal claim for paving, being of purely statutory creation, the claim must aver upon its face all the facts necessary to sustain its validity, and that unless it does so, it may be summarily struck off by the court upon motion. But it has never been held that the claim itself must disclose the evidence by which the facts are to be proved. The authority to do the work claimed for may be averred in general terms, though the plaintiff will be required at the trial to prove the specific authority conferred. It was held in Delaney v. Gault, 30 Pa. 67, that it was not necessary to set out the statutes authorizing the lien, although that case arose under a local act relating to the District of Spring Garden of which the court probably was not bound to take judicial notice. No decision has been found which requires the claim to set out the specific ordinances under which the work was done. It is not the general practice to do so, and in regard to water pipe and other matters in which the work is done and the claim filed by the city itself, it is never done. Since the introduction of the modern system of paying contractors by assignment of the city's right to sue, and the consequent filing of claims by the city to the use of the contractor who actually does the work, and especially since the tendency of recent ordinances to make preliminary conditions as to the awarding of contracts and the performance of the work, some practitioners have adopted the practice of setting out the provisions of the ordinances, and averring compliance, in order to get the benefit of the act which makes the claim evidence of the facts set out in it. But there is

neither statute nor decision which holds that this must be done, and to require it would be of doubtful advantage. The ordinances on the single subject of paving, for example, are numerous, some of them general, relating to advertisement, lowest bidder, notice to owner, etc., and some of them special, and limited to particular streets or certain kinds of pavement, etc. A claim may depend on half a dozen or more ordinances, and to set them all out on the face of the claim would be cumbersome and inconvenient. It is sufficient if the necessary proof is made at the trial.

A careful examination of all the cases in which the provisions of ordinances have been made the basis of decision, shows that they have arisen upon demurrer or trial, after the ordinances had been regularly pleaded or put in evidence.

In the absence of an opinion by the learned court below, indicating the grounds of its action, we are compelled to rely largely on the argument of the defendant, to point out the defects for which this claim was struck off. The objections thus made depend wholly on the failure to comply with the requirements of certain ordinances, at least one of which (that of June 7, 1882, Ordinances 1882, p. 153) is of doubtful application to the case at all. But whether applicable or not, the ordinances relied on are not on the record, and any defence upon them must be set up by affidavit of defence, by demurrer to pleas as in City v. Hays, 93 Pa. 72, or by objection at the trial, as in Fell v. Philadelphia, 81 Pa. 58, and nearly all the other cases on this point.

We have not been shown nor have we discovered any statutory element of validity omitted from these claims, and it is this feature which distinguishes the present case from Connellsville Bor. v. Gilmore, 15 W. N. 343; Gans v. Philadelphia, 102 Pa. 97; and Philadelphia v. Dungan, ante, 52, decided at the present term. In the first the borough act under which the borough obtained its authority to file claims at all, required as a condition precedent, a demand upon the owner to do the work, and his default, neither of which was averred in the claim. Gans v. Philadelphia was a claim filed for benefits assessed against the land on the opening of a street under the act of April 1, 1864, P. L. 206. By that act a notice and bill from the city solicitor to the owner, and a default of pay-

ment on the latter's part for thirty days, were conditions precedent to the filing of a lien. The claim averred notice to the "owner or reputed owner," but the defendant Gans pleaded that he was the registered owner under the act of March 29, 1867, P. L. 600, and that no notice had been given to him. On demurrer it was held that the registered owner was the one meant by the statute, and the notice not having been given to him the claim was bad.

Philadelphia v. Dungan, ante, p. 52, was similar to Gans v. Philadelphia. The claim there was for removing a nuisance, and for its validity required, under the act of 1818, a notice to the owner, but as the claim showed that notice was given to the reputed instead of the registered owner, this court held that it was bad.

All of these, however, were exceptional cases of statutory requirements which had been omitted.

But in regard to paving and to other municipal improvements, the authority of the city of Philadelphia is general and unlimited, both to do the work, and to file claims against property owners for the cost of it; and the restrictions which, in favor of its citizens, the city has put upon its own exercise of its powers, depend upon its ordinances, which, to be available as a defence, must be put upon the record in some regular way as already indicated.

Much reliance was placed by defendants' counsel at the argument on Connellsville Bor. v. Gilmore, and it was intimated that the action of the court below was based upon that case. If so, it is plain that the learned court in the press of business did not have its attention directed to the vital distinction above pointed out.

The second specification of error is the refusal of the court to allow an amendment to the claim by adding an averment of notice to the owner to set the curb, and neglect to do so for thirty days, prior to the doing of the work by the use plaintiff. Such an amendment is ordinarily allowable under the act of April 21, 1858, § 9, P. L. 387; but it is not of absolute right in every case. "Such acts as this should be liberally construed, and while amendments are not a matter of right, they should be allowed where it can be done without prejudice to intervening rights:" STERRETT, J., in Allentown v. Hower,

93 Pa. 336. But they will not be allowed where the object is to give the plaintiff an unfair advantage, as, to shift the burden of proof: Philadelphia v. Sanger, 8 W. N. 151.

In the absence of anything on the record to show the ground of the application, or the reasons for refusal, the presumption is that the action of the court was right.

> The orders striking off the claims are reversed, the claims reinstated, and the records remitted for further proceedings.