# PHILADELPHIA v. J. H. STEVENSON ET AL.

ALPHIA v. J. H. STEVENSON ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO 3 OF PHILADELPHIA COUNTY.

Argued January 9, 1890—Decided February 3, 1890.
[To be reported.]

(*a*) A municipal claim, for paving and repairing a sidewalk and re-setting the curb, set forth that it was filed " agreeably to the several acts of assembly relating thereto," and that the work was done by the chief commissioner of highways of the city of Philadelphia, in pursuance of an ordinance of date June 7, 1882:

1. It was not essential to the validity of the lien that the statutes referred to or the requirements thereof should be set out in the claim; and, on a motion to strike off, it was sufficient to exhibit the statute authorizing the filing of the claim and show that the record was in compliance with its provisions.

2. So, the ordinances of councils, unless they have been formally brought upon the record by the pleadings, are evidence, merely, admissible at the trial to establish or defeat the claim, but not to be considered upon a motion to strike the claim from the record: Philadelphia v. Richards, 124 Pa. 303.

(*b*) An amendment of the claim was applied for, so as to aver that the defendants had failed to perform the work after thirty days notice to do so, and that after such default the work was done by the city pursuant to the alleged terms of the ordinance referred to in the claim:

3. As the amendment affected only the form of the pleadings, gave no advantage to the city, and was of no consequence unless proof was given in support of the matter proposed to be inserted, it was error to refuse the amendment: Connellsville Bor. v. Gilmore, 15 W. N. 343; Philadelphia v. Dungan, 124 Pa. 52, distinguished.

Before STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 360 January Term 1889, Sup. Ct.; court below, No. 98 January Term 1889, C. P. No. 3.

The paper-books in this cause showed, only:

That a municipal claim had been filed by the city of Philadelphia against a lot on Parrish street, James H. Stevenson & Son, owners or reputed owners, John Drehman, registered owner, for work done and materials furnished by said city, in paving

and repairing the sidewalk and re-setting the curbstone in front of said lot, duly assessed and charged by items amounting to " fifty-two dollars, thirty-three cents, which sum, together with the lawful interest, is claimed as a lien against said premises, whoever may be the owner or owners thereof, agreeably to the several acts of assembly in relation thereto; the said work having been done by the chief commissioner of highways of the city of Philadelphia, in pursuance of the directions contained in the ordinance of the select and common councils of the said city of Philadelphia, approved the seventh day of June, A. D. 1882."

That " upon rule by defendant, the court struck off the lien."
That the court below erred:
1. " In refusing the application for leave to amend."
2. " In striking off the claim."

*Mr. E. Spencer Miller*, Assistant City Solicitor, (with him *Mr. Chas. F. Warwick*, City Solicitor), for the appellant:
1. If an amendment was necessary, it is submitted that plaintiff should have been allowed to amend. A refusal is ground for reversal: Allentown v. Hower, 93 Pa. 332. The amendment dismissed by the court is not objectionable in effect. It simply introduces, as part of the lien, a statement which would otherwise be presented in evidence.

2. But the claim was good as filed. In Philadelphia v. Richards, 124 Pa. 303, it was held that the omission of an averment of some "statutory element of validity" was necessary, in order to justify the striking off of a lien. If the claim in this case, when compared with the statute upon which it is based, § 40, act of February 2, 1854, P. L. 43, shows no defect, it must be declared valid.

*Mr. E. O. Michener*, for the appellees:
1. The privilege of amending the claim is a matter of grace, not of right: Philadelphia v. Sanger, 8 W. N. 151; Philadelphia v. Richards, 124 Pa. 303. The record shows that this rule to amend was entered without any affidavit of the truth of the fact, which, it was asked, should be inserted in the claim. As the mere inserting of this fact would permit it to be read to the jury as prima facie evidence of its truth, upon the trial of

Opinion of the Court.

the cause, it was not error in the court below to refuse to permit the amendment, without some proof that it was a truthful averment.

2. The lien is bad upon its face. The claimant has set out the authority upon which it claims to act, and this has the same force and effect as though the ordinance were set out in extenso. The case differs from Philadelphia v. Richards, supra. On examination of the ordinance, we find that the city is authorized to do work of this character only after thirty days notice to the owner to do it, and this notice being a prerequisite must be averred in the claim: Connellsville Bor. v. Gilmore, 15 W. N. 343; Philadelphia v. Dungan, 124 Pa. 52.

OPINION, MR. JUSTICE CLARK:

The question in this case arises upon a municipal claim of the city of Philadelphia for paving and repairing the sidewalk, and resetting the curbstone, in front of a lot on the north side of Parrish street, in the Fifteenth ward of the city. The claim was filed against James H. Stevenson & Son, owners, or reputed owners, and John Drehman, registered owner, etc. The lien, it is said, is authorized by the fortieth section of the act of February 2, 1854, P. L. 43. The section reads as follows:

"It may be prescribed by ordinance that paving of streets, except at the intersections thereof, and of footways, and laying of water-pipes, within the limits of the city, shall be done at the expense of the owners of the ground in front whereof such work shall be done, and liens may be filed by the said city for the same, as is now practiced and allowed by law."

The claim sets forth that it is filed agreeably to the several acts of assembly in relation thereto, and that the work was done by the chief commissioner of highways of the city, "in pursuance of the directions contained in the ordinance of the select and common councils of the city, approved the seventh day of June, 1882."

The claim was filed February 16, 1888, and on the 13th day of March, following, a rule was entered on part of the defendants to strike it off, which rule, on October 9, 1888, was made absolute. The paper-books do not disclose, in any proper form, the ground upon which this action of the court was based; but it would seem, from the motion to amend and the

arguments of counsel, that the only defect alleged was that the lien did not aver that the defendants had failed to perform the work after thirty days notice to that effect, and that after such default of the defendants the work was performed by the city pursuant to the alleged terms of the ordinance referred to.

The ordinance is not printed: it is no part of the record, and the plaintiff in error had no right to print it. How, then, are we to know that the work was or was not performed in accordance with the provisions of the ordinance of city councils? And how could the court below have any knowledge of its provisions, for it was upon an inspection of the record alone that the lien was stricken off. We find nothing upon this record to justify this action of the court. The claim purports to have been filed "agreeably to the several acts of assembly in reference thereto;" it was not essential to the validity of the lien that it should set forth the particular statutes referred to, or the requirements thereof; it was sufficient, on the motion to strike off, to exhibit the statute authorizing the entry of the lien, and if the record was in compliance therewith, it could not thus summarily be stricken off.

The ordinances of councils, unless they have been formally brought upon the record by the pleadings, are evidence, merely, admissible at the trial to establish or to defeat the claim. On the hearing of the rule to strike off, the city introduced the fortieth section of the act of 1854, already referred to, and there is no allegation that the lien is not in conformity with all the requirements of that statute. The case is ruled by Philadelphia v. Richards, 124 Pa. 303, where the authorities are carefully collected and distinguished by our Brother MITCHELL. The cases cited by the appellees, Connellsville Bor. v. Gilmore, 15 W. N. 343, and Philadelphia v. Dungan, 124 Pa. 52, are there shown to be exceptional cases, upon statutory requirements omitted, and they have therefore no significance in this case.

We are of opinion, also, that the city was entitled to amend the lien in the manner and to the effect proposed. The amendment could give no advantage to the city, for it only affected the form of the pleadings, and was of no consequence, unless proof was given in support of the matter proposed to be inserted. Upon the authority of Philadelphia v. Richards, supra, where

the whole subject is more fully discussed, we conclude that the action of the court in striking off this lien cannot be sustained.

And it is therefore now ordered that the order of October 9, 1888, making absolute the rule to strike off the lien, is

Reversed, the lien is reinstated, and a procedendo awarded.