# MT. PLEASANT BOR. v. BALT. & O. R. CO.

### APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY.

Argued October 9, 1890—Decided January 5, 1891.

[To be reported.]

1. A municipal claim for the paving of a sidewalk along the roadbed of a railroad company cannot be sustained, inasmuch as the paving cannot possibly confer a special benefit upon the property known as the right of way, and hence the whole theory which justifies such charge fails in this instance.*

2. This reason does not apply, however, to a railroad passenger station, nor to ground used as a freight station or a lumber yard; and, in the exercise of police powers conferred upon boroughs by the act of April 3, 1851, P. L. 320, ground used for such purposes and not forming part of the roadbed may be subjected to such charge.

3. A demand upon the property-owner that he construct the sidewalk, and the refusal or neglect by him so to do, are a prerequisite to the acquisition of a lien by the borough for the cost of a sidewalk constructed by it, but it is unnecessary to aver such demand and refusal in the claim filed: Connellsville Bor. v. Gilmore, 15 W. N. 343, distinguished.

4. An application by the borough, however, for leave to amend such a claim by introducing an averment that such demand was made, and that the pavement was laid by the borough after the neglect of the property-owner to lay it within the time prescribed by the ordinance, should be granted: Philadelphia v. Stevenson, 132 Pa. 103.

5. The decisions upon questions arising out of street improvements in the city of Philadelphia, have little application to cases arising under the borough act of April 3, 1851, P. L. 320, as that city has a complete system of its own, and, as was said in Philadelphia v. Richards, 124 Pa. 310, its authority in such matters is general and unlimited: Per PAXSON, C. J.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 102 October Term 1890, Sup. Ct.; court below, No. 1440 Mechanics' Lien Docket, C. P.

On March 1, 1890, the borough of Mt. Pleasant filed a municipal claim for the cost of grading, paving and curbing a

*See West. Penna. R. Co. v. Allegheny, post, 375.

sidewalk, against a certain lot of ground, naming the Baltimore & Ohio Railroad Company as the "owner, or reputed owner, and occupier" thereof, and averring that the claimant was governed by the general borough act of April 3, 1851, P. L. 320. The other averments of the claim, verified by affidavit made February 10, 1890, were as follows :

"The amount claimed to be due is $368.59, with interest, for materials furnished and work done by the claimant in the grading, curbing, and paving of the sidewalk fronting said lot on Main street, within thirty days last past, together with twenty per cent advance upon the cost of said materials and work. The particular items, amounts, and dates when said materials were furnished and work was done, together with the addition of the twenty per cent on the cost thereof, are specifically set forth in a bill hereto attached and made part of this claim. The said materials were furnished and the said work was done in accordance with the general regulations prescribed by the said borough, and after the owner of the said lot of land had failed to grade, curb and pave said sidewalk within the time prescribed by the general regulations of said borough.

"The said lot of land is situate in said borough on the south side of Main street, and extends along said street a distance of about 300 feet, and is more particularly bounded and described as follows, to wit: All that lot of ground situate in the borough of Mt. Pleasant, bounded and described as follows : On the north by Main street; on the east by Depot street; on the south by lot of Zack Tyson, and on the west by land of Pennsylvania Railroad Company ; containing about one and a half acres, and occupied by the Baltimore & Ohio Railroad Company with depot, freight depot and lumber yard.

"The said borough claims to have a lien on the said lot of land, whoever may be the owner thereof, agreeably to the act of assembly in such case made and provided."

The bill, referred to in the claim and appended, included certain items for freight and drayage on materials.

On March 10, 1890, the defendant moved the court to strike off the claim, for reasons filed including the following :

1. The alleged lien does not conform to the requirements of the act of April 3, 1851, under which it purports to have been filed.

Statement of Facts.

2. It does not appear upon the face of said lien, that a demand was made upon, or a proper notice given to the defendant company by the borough authorities, to perform the work for which said alleged lien was filed, and that said defendant refused or neglected to perform said work after due notice given.

8. A lien for the purpose for which this purports to be filed, cannot be entered against the property used exclusively for railroad purposes.

9. The act of April 3, 1851, does not authorize the filing of a lien such as this purports to be, against land used by a railroad company for station, freight station, etc., as is set forth in this alleged lien.

11. The act of April 3, 1851, does not authorize the filing of a municipal lien for items of freight, expense of transportation, hauling or railroad charges.

On March 24, 1890, the plaintiff moved for leave to amend by adding to the claim filed the following averment:

" That the said Baltimore & Ohio Railroad Company was duly notified by the burgess, at the instance of the borough council of the said borough of Mt. Pleasant, to lay the pavement along its lot of ground fronting on Main street in the borough of Mt. Pleasant; and the said Baltimore & Ohio Railroad Company did neglect to lay the said pavement for more than thirty days after the service of said notice, and thereupon the said plaintiff did furnish and lay the said pavement, as in the bill of particulars fully set forth, in accordance with the ordinances and acts of assembly in such case made and provided."

The motion to amend and the motion to strike off having been heard together, the court, DOTY, P. J., filed the following opinion and decree:

And now, April 21, 1890, the amendment asked for is disallowed. The depot and roadbed of a railroad company are not subjects of a municipal lien. The lien is therefore stricken off; exception.[a]

Thereupon the plaintiff took this appeal, assigning for error, inter alia:

2. The decree of the court of April 21, 1890.[a]

*Mr. A. D. McConnell* (with him *Mr. Joseph A. McCurdy*), for the appellant:

Arguments.

1. A municipal claim can be stricken off only when there is some defect apparent upon the face of the record. When no such defect appears, matters of defence must be set up at the trial: Connellsville Bor. v. Gilmore, 15 W. N. 343. This record raises no question about a roadbed, and the assumption of the court below that this claim was filed against the defendant company's roadbed, was unauthorized and erroneous. The defendant is the owner of the lot described in the claim and is at least literally subject to the terms of the power conferred upon the plaintiff by the act of April 3, 1851, P. L. 320, and sought to be exercised by it. Assessments of this kind are distinguished from the general power of taxation, and are a species of local taxation, based upon special benefits to property, to the extent of the benefits conferred: Pray v. N. Liberties, 31 Pa. 71; Northern Liberties v. St. John's Church, 13 Pa. 106; Hammett v. Philadelphia, 65 Pa. 150. The proceedings for their collection are exclusively in rem, and the owner is only incidentally named for purposes of identification and notice: Wistar v. Philadelphia, 86 Pa. 215. It has even been held that a claim against " unknown owners " is valid: City v. Unknown, 11 W. N. 323.

2. The distinction between the liability of the roadbed of a railroad and that of real estate used for depots, offices, etc., is noted in Junction R. Co. v. Philadelphia, 88 Pa. 424, which followed Philadelphia v. Railroad Co., 33 Pa. 41, in holding the roadbed not liable to a paving claim. The roadbed is irrevocably dedicated to use as a highway exclusively: Junction R. Co. v. Philadelphia, 88 Pa. 427; Railroad v. Norton, 24 Pa. 465. Not so the other real estate owned by a railroad company. The location of depots, shops, warerooms, lumber yards, etc., may at any time be changed from valuable land to that which is less valuable. The defendant can sell this piece of ground whenever its enhanced value makes it profitable to do so. Being thus benefited, in the enhancement of value which follows local improvements, and not expressly exonerated by the statute from the payment of the price of that benefit, it follows that the property remains liable to lien: New York R. Co. v. New Britain, 49 Conn. 40; 13 Am. & Eng. R. Cas., 400; Ludlow v. Railroad Co., 78 Ky. 357; Burlington etc. R. Co. v. Spearman, 12 Iowa 112; Western Penna. Ry. Co. v. Allegheny,

92 Pa. 100; Chester City v. Railroad Co., 5 Pa. C. C. R. 387.
Again; it is liable because of the police power conferred upon
the borough by the act of April 3, 1851, P. L. 320: Wilkins-
burg Bor. v. Home, 131 Pa. 109. The amendment proposed
was not essential to the validity of the claim: Philadelphia v.
Richards, 124 Pa. 303; Philadelphia v. Stevenson, 132 Pa.
103; but it was error to disallow it: § 9 act of April 21, 1858,
P. L. 387; Philadelphia v. Richards, supra; Philadelphia v.
Stevenson, supra.

*Mr. E. E. Robbins*, for the appellee:

1. In the absence of anything on the record to show the
ground of the refusal to permit the amendment, the presumption
is that the action of the court was right: Philadelphia v. Rich-
ards, 124 Pa. 311. The statute cited by the appellant in sup-
port of the alleged right of amendment, relates exclusively to
Philadelphia and has nothing to do with this case. Moreover,
even under that statute the allowance of an amendment is dis-
cretionary: Philadelphia v. Sanger, 8 W. N. 151. Under § 2,
act of April 3, 1851, P. L. 320, notice to the owner of the pro-
perty to construct the sidewalk and his default, must precede
the performance of the work by the borough. This being a stat-
utory prerequisite, the omission to aver it in the claim is fatal,
and it cannot be inserted afterwards by amendment: Connells-
ville Bor. v. Gilmore, 15 W. N. 343; Philadelphia v. Richards,
124 Pa. 308; Philadelphia v. Stevenson, 132 Pa. 105. These
cases fully sustain the court below in refusing to allow the
amendment offered, and in striking off the lien, and thus dis-
pose of the whole matter.

2. The plaintiff contends that this record raises a new question
as to the liability of a railroad company's real estate, other
than the roadbed, to a municipal claim. There is no authority
in the record for this assumption. It is nowhere averred that
the land described is used by a railroad company for purposes
exclusive of right of way. The appellant's position is based
upon a dictum in Junction R. Co. v. Philadelphia, 88 Pa. 424,
which arose under the special act of June 21, 1858, P. L. 385,
expressly subjecting to taxation by ordinance, for city purposes,
offices, depots, etc., of railroad corporations in Philadelphia.
The citation has no application to the present case. The de-

pot, freight depot and lumber yard, mentioned in this lien, are necessary appurtenances to a railroad. Will the court assume that they are outside of the strip of land used for roadbed, in the absence of an averment to that effect? A municipal claim must be filed against real estate. Land used for the purposes mentioned in this claim is not real estate, and is not taxable as such: Railroad v. Berks Co., 6 Pa. 70; New York etc. R. Co. v. Sabin, 26 Pa. 242; Coatesville Gas Co. v. Chester Co., 97 Pa. 481; Penna. R. Co. v. Pittsburgh, 104 Pa. 540; Northumberland Co. v. Railroad Co., 20 W. N. 381.

3. There is no averment that any part of the ground described is "in excess of the amount required for the easement," and the court cannot assume that to be the case: Junction R. Co. v. Philadelphia, 88 Pa. 424. Although we contend that no part of the land is subject to a municipal lien, on the authority of the cases already cited and Philadelphia v. Railroad Co., 33 Pa. 41; West. Penna. Ry. Co. v. Allegheny, 92 Pa. 100, and Philadelphia v. Eastwick, 35 Pa. 75; yet, if the appellant wished to claim that any part of it is so subject, as being in excess of the amount required for the easement of a railroad, such land should have been particularly described, and the amount duly apportioned in the claim. There is no attempt to do this. Without abandoning any of the reasons contained in our motion to strike off the lien, special attention may be directed to the items of hauling freight, etc., which are not proper charges to be included in such a claim: Wethered v. Garrett, 7 Pa. C. C. R. 529.

OPINION, MR. CHIEF JUSTICE PAXSON:

The learned court below gave no reason for striking off the lien beyond this, that "the depot and roadbed of a railroad company are not the subjects of a municipal lien." The claim was for paving the footway in front of defendant's lot. The latter was described as follows:

"The said lot of land is situate in said borough on the south side of Main street, and extends along said street a distance of about 300 feet, and is more particularly bounded and described as follows, to wit: All that lot of ground situate in the borough of Mt. Pleasant, bounded and described as follows: On the north by Main street; on the east by Depot street; on the

Opinion of the Court.

south by lot of Zack Tyson; and on the west by land of
Pennsylvania Railroad Company; containing about one and
a half acres, and occupied by the Baltimore & Ohio Railroad
Company with depot, freight depot, and lumber yard."

It is settled that a municipal claim for paving cannot be filed
against the roadbed, or that narrow strip of ground which
forms the right of way of a railroad: Philadelphia v. Railroad
Co., 33 Pa. 41; Junction R. Co. v. Philadelphia, 88 Pa. 424.
The concluding sentence of the opinion in the case last cited
is as follows: "I have confined the discussion of this case to
the matter of the roadbed. The question of the liability of
other real estate of such corporations, such as depots, offices,
shops, and the like, to taxation and municipal assessments, is
not raised by the record." It is not necessary to reconsider
and discuss the reasons which exempt the roadbed from muni-
cipal assessments; nor is it needed that we do more than refer
in a general way to West Chester Gas Co. v. Chester Co., 30
Pa. 232, in which it was held that the works of an incorporated
gas company are not liable to taxation as real estate, for state
and county purposes. This was followed by a line of cases in
which the same doctrine is declared. The reason for this rule
is that such property is already taxed in another form, and the
legislature will not be presumed to have intended double taxa-
tion, in the absence of express language to that effect. Those
decisions, however, do not go further than to say that such
property is exempt from general taxation, that is, for state and
county purposes. Nor do they go to the extent of exempting
all real estate owned by a corporation; they apply only to such
as is necessary to the proper performance of the company's
work. Thus, in the case cited, dwelling-houses, erected for
the accommodation of the company's workmen, were held to be
a convenience merely, and were not exempted.

But municipal assessments differ from general taxation in
many respects. The latter is the imposition of a duty or impost
for the support of the government. In that sense, it is under-
stood all the world over as contradistinguished from a mere
municipal charge for the improvement of property within the
municipal bounds. Hence it was held in Pray v. Northern
Liberties, 31 Pa. 69, that a municipal claim for paving, etc.,
was not a tax within the meaning of the act of February 3,

Opinion of the Court.

1824, and need not be registered in the office of the county commissioners. This was directly in the line of Northern Liberties v. St. John's Church, 13 Pa. 104, where it was held that the church was not exempt from a charge for laying water-pipes, by reason of the act of April 16, 1838, exempting churches and burial grounds from taxes. While a municipal assessment for paving, etc., is a species of taxation, and is the exercise of the taxing power of the commonwealth, conferred to a limited extent upon such corporations, yet it differs essentially from general taxation. " Local assessments can only be constitutional when imposed to pay for local improvements clearly conferring special benefits on the properties/ assessed, and to the extent of those benefits. They cannot be imposed when the improvement is either expressed or appears to be for general public benefit: " Hammett v. Philadelphia, 65 Pa. 150. It requires no argument to show that the paving of a footway by the side of a railroad track can confer no possible benefit upon the property known as the right of way; hence, the whole theory which justifies such charges fails in this instance.

But this reason does not apply to a railroad station where passengers assemble to take the trains; much less does it apply to ground used as a freight station or a lumber yard. It is as important to have a well-paved walk to reach a railroad station as it is to any other place, and I have noticed, as a general rule, that railroad companies are in advance of the general public in all that regards comfortable and safe approaches to their stations. The regulation of the' sidewalks of a borough is a part of its police power. It was accordingly held in Wilkinsburg Bor. y. Home, 131 Pa. 109, that the defendant, although a charitable institution, and its estates and property exempt from taxation, was nevertheless bound to conform to the borough law of 1851, in respect to the pavement in front of its real estate, and having permitted the same to become a nuisance, was obliged to repair it when required by the borough authorities. It was said in that case: " The defendant contends that this footwalk comes within the reason of the case cited, Olive Cemetery Co. v. Philadelphia, 93 Pa. 129, and that the charge for its construction is also a species of local taxation. We think there is a marked distinction between the two cases. In that of borough footwalks, the owners of property are required by law to

Opinion of the Court.

keep their footways in repair, and, if necessary, to re-lay them. This is a duty imposed directly upon the property owner, and is in the nature of a police regulation.   It is no more a tax, or a municipal assessment in the nature of a tax, than would be the imposition of any other duty by virtue of the police powers of the borough, with a penalty for its violation.   This footway was a public nuisance, dangerous in its character; and the fact that the defendant is a charity, and exempt from taxation, does not authorize it to maintain a nuisance.   It could be required to abate it precisely as in the case of any other corporation or individual."   We are of opinion that, while the roadbed or right of way of a railroad company is not the subject of a claim for paving, it does not follow that a passenger or freight depot, the ground belonging to the company and used as a lumber yard or other purpose, may not be subjected to such a charge.   The learned judge below has assumed that this claim was filed against the roadbed.   This does not appear from the face of the claim as filed, except inferentially.   Should it appear upon the trial below that in point of fact it does cover the right of way, it cannot of course be sustained; at least, so much of it as covers the roadbed.   We will therefore defer any further discussion of this branch of the case, until we are more fully possessed of the facts.

While the learned judge gave but a single reason for striking off the lien, a number of others were assigned in support of the motion.   The most important is the second, which is as follows : " It does not appear upon the face of said lien that a demand was made upon, or a proper notice given to the defendant company by the borough authorities, to perform the work for which said alleged lien was filed, and that defendant refused or neglected to perform said work after due notice given." The authority on which the borough acted is to be found in the second section of the act of April 3, 1851, P. L. 320, commonly known as the borough act.   The portion of said section to which I refer is as follows :

" V.  To require and direct the grading, curbing, paving, and guttering of the side or footwalks, by the owner or owners of the lots of ground respectively fronting thereon, in accordance with the general regulations prescribed.

" VI.  To cause the same to be done on failure of the owners

thereof, within the time prescribed by the general regulations, and to collect the cost of the work and materials with twenty per centum advance thereon from said owners, as claims are by law recoverable under the provisions of the law relative to mechanics' liens; and the particulars of such labor and materials, the name or names of the actual or reputed owner or owners, as also of the occupier or occupiers of the premises for the time being, shall be set forth in a statement to be filed within thirty days after such expense shall have been incurred."

It is clear that a demand and refusal are essential to sustain a claim under this act. The question is, whether it is necessary to aver such demand and refusal in the claim itself. I would have no hesitation in saying that it was, but for the last clause of the section which prescribes what the claim shall set forth. It requires that the borough shall state therein, (a) the particulars of such labor and materials; (b) the name or names of the actual or reputed owner or owners; and (c) the name or names of the occupier or occupiers of the premises for the time being. The statute having defined the requisites of the lien, we cannot add to them by implication, and the maxim, expressio unius est exclusio alterius, applies. It was urged, however, that Connellsville Bor. v. Gilmore, 15 W. N. 343, rules that the claim must contain an averment of notice to the owner, and a refusal to comply therewith. The claim in that case was for the removal of a nuisance, and was defective in several respects. It is true, we held that one of those defects was the absence of an averment of notice to the owner to remove the alleged nuisance, and a refusal to comply therewith. The section of the borough act authorizing a borough to prohibit and remove nuisances is in many respects similar to the one in regard to paving, but it does not prescribe any of the requisites of the claim to be filed under it. There is a marked distinction between the paving of a street and the removal of a nuisance. The former is done under general regulations, prescribed by the borough and known generally to the citizens. In point of fact, the owner of a sidewalk, as a general rule, knows when his sidewalk gets out of repair. He further knows that it is his duty to repair or re-pave it, while, in the case of a nuisance upon his premises, he may or may not know of its existence. It may be cast upon his lot without his knowledge,

Syllabus.

as in the case of a dead animal, or he may not regard as a nuisance what the borough authorities pronounce to be such ; hence, it would be manifestly unjust for the borough to charge him, not only with the cost of removal, but also with twenty per cent in addition thereto, without first having called upon him to remove the same.    And, as the borough has no right to collect either the cost or the penalty without a previous demand and refusal, there appears to be no reason why such demand and refusal should not appear in such cases in the claim filed. As was said in Connellsville Bor. v. Gilmore, supra: "Such demand, being a prerequisite, should have been averred in the claim."

It is well to observe that our decisions upon the questions arising out of street improvements in the city of Philadelphia have little application to cases arising under the borough act. That city has a system of its own, complete in itself, and, as was said in Philadelphia v. Richards, 124 Pa., at page 310, "in regard to paving, and to other municipal improvements, the authority of the city of Philadelphia is general and unlimited, both to do the work and to file claims against property owners for the cost of it," etc.

We are also of opinion that the proposed amendment of the lien should have been allowed, under the authority of Philadelphia v. Stevenson, 132 Pa. 103.

The order of the court below striking off the lien is reversed; the lien reinstated, the amendment allowed, and a procedendo awarded.