# Philadelphia *v.* Second Reformed Presbyterian Congregation.

*Municipal lien—Amendment—Acts of April* 21, 1858, *P. L.* 385, *section* 9, *and March* 29, 1867, *P. L.* 600.

Under the act of April 21, 1858, sec. 9, a municipal lien may be amended after the time for filing the lien has expired.

Where a writ of scire facias sur municipal lien has been duly served on a corporation as the registered owner, and the corporation has appeared and defended the action, raising no question as to its being the identical person mentioned in the claim and scire facias until long after it had filed an affidavit of defense, and pleaded the general issue, the lien may be amended after the time for filing the lien has expired by adding the correct technical name of the corporation. Such an amendment is not to be regarded as equivalent to substituting a new party after the time for filing the lien has expired, but as a correction of the mistake in the name of the person intended to be described in the lien as originally filed. It is error to strike off such an amended lien.

Argued Oct. 8, 1900. Appeal, No. 62, Oct. T., 1900, by plaintiff, from order of C. P. No. 3, Phila. Co., March T., 1896, No. 34, making absolute rule to strike off lien in case of Philadelphia v. The Second Reformed Presbyterian Congregation. Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ. Reversed.

Rule to strike off amended municipal lien.

The affidavit in support of the rule to strike off the lien was as follows:

John Boyd, being duly affirmed according to law, deposeth and saith, that he is the treasurer of the board of trustees of the Second Reformed Presbyterian congregation, in the county of Philadelphia, district of Spring Garden.

That on January 1, 1895, and for many years prior thereto and up to and including the present time, the said Second Reformed Presbyterian congregation, in the county of Philadelphia, district of Spring Garden, was the owner of all that certain lot or piece of ground, with the buildings thereon; situate on the west side of Twenty-second street (late Schuylkill front), in the late district of Spring Garden, now in the fifteenth ward of the city of Philadelphia, thirty-eight feet north of Wood

Vol. xvi—5

street, containing in front on Twenty-second street seventy-six feet seven and one half inches, and extending in depth westward 100 feet.

That on or about March 7, 1896, the plaintiff filed a lien for $99.92 for the building of a culvert along the north side of said premises, through what the plaintiff called Carlton street, ten feet wide.

That the defendant filed an affidavit of defense to said claim and filed pleas, averring that said alleged Carlton street was not a highway of the city of Philadelphia, and that the defendant, the Second Reformed Presbyterian church, was not the owner of said premises, either at the time of doing of the work, filing of the lien or filing of the pleas.

That the plaintiff and defendant went to trial on the issues thus raised, and on the trial it was shown by record evidence that the Second Reformed Presbyterian church was a corporation duly formed under the laws of the state of Pennsylvania, and an entirely separate and distinct corporation from the Second Reformed Presbyterian congregation, in the county of Philadelphia, district of Spring Garden, and had, neither at the time of the filing of the lien nor at any time, the Second Reformed Presbyterian Congregation, in the county of Philadelphia, district of Spring Garden, any title to the said premises, or any interest therein.

That after these facts have been shown upon trial, plaintiff moved to amend the record by substituting the Second Reformed Presbyterian congregation, in the county of Philadelphia, district of Spring Garden, as defendant in place of the Second Reformed Presbyterian church, the original defendant in said suit, to which amendment the defendant objected, which objection was overruled and to the amendment made upon trial, the defendant pleaded surprise, and a juror was withdrawn and thus the matter stands.

This affidavit is made in support of the rule to strike off the lien, inasmuch as the amendment substitutes a new party defendant, and the amendment was made after the period for filing the lien had expired, thus giving to the plaintiff an additional time for filing the lien of more than a year and a half.

*Error assigned* was the order making absolute the rule to strike off the lien.

*James Alcorn,* assistant city solicitor, with him *David Lavis* and *John L. Kinsey,* city solicitor, for appellant.—The allowance of the amendment being within the power of the court, did not render the record of the lien defective or bad: Philadelphia v. Richards, 124 Pa. 303; McFarland v. Schultz, 168 Pa. 634; Knox v. Hilty, 118 Pa. 430; Snyder Chapel v. Baer, 3 Penny-packer, 530; Schriffer v. Saum, 81 Pa. 385; Phila. v. Wagner, 9 W. N. C. 511; Phila. v. Kelly, 49 Legal Int. 502; O'Neill v. Hurst, 11 Phila. 171.

*A. S. Ashbridge, Jr.,* for appellee.—A lien upon a municipal claim for paving, being of purely statutory creation, the claim must aver upon its face all the facts necessary to sustain its validity, and unless it does so it may be summarily struck off by the court upon motion: Philadelphia v. Richards, 124 Pa. 303.

It has been held that the object of this act is (*a*) to enable the city to designate the true owner of property, and (*b*) to provide for actual notice of municipal claims affecting the property thus registered to the owner as registered: Gans v. Phila., 102 Pa. 97; Phila. v. Dungan, 124 Pa. 52.

OPINION BY RICE, P. J., January 22, 1901:

This is an appeal from an order striking off a municipal lien filed against the property of a church corporation. The name of the corporation will be referred to hereafter. The lien was filed on March 7, 1896. On November 30 of the same year an affidavit of service of notice was filed, and on the same day a scire facias was issued, which was duly served on the treasurer of the board of trustees of the corporation owning the premises. A general appearance was entered by the attorney of that corporation, and on January 19, 1897, an affidavit of defense was filed on its behalf by James Caldwell, who describes himself as "a member of the corporation defendant, and chairman of the board of trustees." The affidavit suggested no defect in the lien, or irregularity in the proceedings, and set up as the only defense, that the sewer was laid upon private property and not upon a street or highway. On August 5, 1898, the defendant pleaded non assumpsit, and, as a special plea, the matter set forth in the affidavit of defense. In October of the

same year the defendant filed additional pleas, to the effect that the lien was not filed and the scire facias was not issued against the registered owner of the premises.

The lien was filed against the "Second Reformed Presbyterian Church, owner or reputed owner, and registered owner or whosoever may be owner," but it appeared on the trial of the scire facias, which took place in November, 1898, that the correct name of the defendant, and the name in which its title was registered, is "Second Reformed Presbyterian Congregation in the county of Philadelphia, district of Spring Garden," also that there is another distinct corporation having the name, "Second Reformed Presbyterian Church of Philadelphia." Thereupon the plaintiff moved to amend the lien "by adding the correct technical name of the corporation defendant." The motion having been allowed the defendant pleaded surprise, and the cause was continued. These motions appear in the notes of trial, but do not appear in the abstract of record as printed in the appellant's paper-book. Whether or not a formal order of amendment has been made upon the record of the lien is a matter of pure surmise.

Nearly a year after the trial, the defendant moved for, and obtained, a rule to show cause why the lien should not be stricken from the record. The affidavit was made by the officer upon whom the scire facias was served, and alleged as grounds for striking off the lien, that "the amendment substitutes a new party defendant, and the amendment was made after the period for filing the lien had expired, thus giving the plaintiff an additional time for filing the lien of more than a year and a half." The court made the rule absolute, whereupon this appeal was taken.

It is to be noticed that the court struck off, not the amendment, but the lien as amended. The appeal, therefore, is not from a matter purely discretionary with the court below. If the court in its discretion had authority to allow the amendment, it was error to treat the amendment as a mere nullity on the motion to strike off the lien. The 9th section of the Act of April 21, 1858, P. L. 385, provides: "That municipal claims for taxes, public assessment or charges, may be amended at any time before or at the trial, on notice given defendant under rule of court. Provided, that if made on the trial a continuance

may be granted by the court on the application of the defendant." This is a remedial statute. If it were to be construed so as to permit no amendment of any kind after the time for filing the lien had expired, it would be practically useless. Manifestly the legislature did not so intend, and it has not thus far been given that construction by the courts. Speaking of this very act the Supreme Court said: " Such acts as this should be liberally construed, and while amendments are not a matter of right, they should be allowed where it can be done without prejudice to intervening rights : " City of Allentown v. Hower, 93 Pa. 332. This was said in a case where the court conceded, that the claim for water frontage tax, as registered, was defective and insufficient to support a scire facias, and where the petition to amend was not presented until more than three years after the claim was registered. It was held, reversing the court below, that the amendments ought to have been allowed. The same doctrine was held in Philadelphia v. Richards, 124 Pa. 303, Philadelphia v. Stevenson, 132 Pa. 103, and Mt. Pleasant Boro. v. Baltimore & Ohio Railroad Co., 138 Pa. 365. The Philadelphia Registry Act of March 29, 1867, P. L. 600, is referred to as standing in the way of the particular amendment under consideration. It provides that no property shall be subject to sale for taxes or other municipal claims thereafter to accrue as a lien of record thereon, except in the name of the owner as returned and registered, and after recovery by suit and a service of the writ on him made as in the case of summons. We fail to see how this act affects the question arising in this case. The writ was duly served on the registered owner, and the registered owner appeared and defended the action, raising no question as to its being the identical person mentioned in the claim and scire facias until long after it had filed an affidavit of defense and pleaded the general issue. The objection that its name was incorrectly given in the lien and scire facias appears to have been an afterthought. We do not regard the amendment as equivalent to substituting a new party after the time for filing a lien has expired, but as a correction of the mistake in the name of the person intended to be described in the lien as originally filed. The object of the amendment was not to give the plaintiff an undue advantage, as, to shift the burden of proof, (see Philadelphia v. Sanger, 8

W. N. C. 151), and no intervening rights were prejudiced. Under the circumstances the court was justified by the construction which has heretofore been given to the act of 1858 in making the amendment. It follows that it erred in striking off the lien.

The order striking off the lien is reversed, the rule to show cause is discharged, the lien is reinstated, and the record is remitted with a procedendo.