## McCalmont Township v. Carlson et al.

*Margiotti, Gillespie & Pugliese,* for rule; *Wilson & Wilson,* contra.

DARR, P. J., April 29, 1929.—This comes before us on motion of defendants to strike off a tax lien, alleging that the lien fails to state certain requisites to a lawful imposition of the tax. The lien on its face conforms to the 10th section of the Act of May 16, 1923, P. L. 207, and no statutory requisite was omitted. Under these circumstances, we do not feel that we have authority to strike it off for the averred omissions. In Ligonier Borough *v.* Deeds, 7 D. & C. 598, it is said, on page 599: "The Act of May 16, 1923, § 10, P. L. 207, specifies what matters shall be set forth in a municipal lien or claim. In the instant case, the municipal claim filed lacks nothing required by the above statute. The court has no authority to add additional requisites to such statutes: Philadelphia *v.* Richards, 124 Pa. 303."

In the case cited in the foregoing opinion, it is said by Mr. Justice Mitchell (page 308): "The authority to do the work claimed for may be averred in general terms, though the plaintiff will be required at the trial to prove the specific authority conferred."

While we cannot entertain the defendants' motion to strike off this lien, we cannot fail to recognize force in their contention that the motion was rightly made as a matter of precaution lest failure to do so might be construed as a waiver of defendants' right to raise these legal questions on the trial.

We must hold, however, that the mere averment in paragraph 4 that "the tax was duly levied by the Board of Supervisors of the said Township of McCalmont," and the further averment in paragraph 5 that "this claim is filed for taxes levied by the said township, in the manner provided by law, for the year 1927," do not relieve the plaintiff from the burden of proving, on the trial, that every requirement of the law relative to levying and collecting taxes has been complied with and that nothing in the pleadings will relieve the plaintiff from the necessity of establishing a legal tax before recovery can be had.

And now, April 29, 1929, this rule is discharged and the motion to strike off the tax lien is refused, without prejudice to the defendants to raise on the trial all or any of the legal questions advanced in the motion to strike off, and without in any way shifting the burden from the shoulders of the plaintiff of proving the legality and regularity of the tax for which the lien was filed. The defendants are hereby directed to file an affidavit of defense within fifteen days from this date.

From Raymond E. Brown, Brookville, Pa.