## Junction Railroad Co. *versus* City of Philadelphia.

1. A municipality cannot support a claim for paving against the road-bed of a railroad company, and it is immaterial whether the company has simply the right of way or owns the bed in fee.

2. The right of way acquired by a railroad company is exclusive at all times and for all purposes.

3. The City of Philadelphia *v.* The Philadelphia, Wilmington and Baltimore Railroad Co., 9 Casey 41, followed.

January 22d 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas, No. 3, of *Philadelphia county :* Of July Term 1878, Nos. 61 and 62.

Scire facias sur municipal claim by the city of Philadelphia, to the use of Holgate, Johnson & Co., against the Junction Railroad Company.

The claim filed was for $842.37, for paving, against lot of ground, situate on north side of Girard avenue, one hundred and

[Junction Railroad Co. *v.* City of Philadelphia.]

forty feet east of Thirty-eighth street, city of Philadelphia, sixty feet front and two hundred and fifty feet deep north to other ground of said Junction Railroad Company.

"The defendant filed an affidavit of defence, wherein it was averred that the railroad of the said company is a public highway for the transportation of passengers and freight; that the premises described in the claim filed constitute a section of the road-way of this company, being a strip of ground sixty feet in width, extending northwardly from Girard avenue, and used exclusively for railroad purposes; that the paving, for the cost of which the said claim was filed, was done exclusively upon Girard avenue, a public highway of the city of Philadelphia, which crosses the railroad of the said company by means of a bridge at a point considerably above the grade of the said railroad, and almost at a right angle thereto; the grade of the said street was fixed by the city of Philadelphia, and the said paving was done exclusively upon the said bridge (about thirty-six feet in length), and the approaches thereto, which rest upon the road-way of this company; but in no other sense was any portion of the said paving done upon any property owned by the company, or upon premises adjoining the property of this company; the said company has not, does not and can not derive the slightest benefit from the said paving; and deponent is advised by counsel that the said company is not liable for the cost thereof."

The Junction Railroad is a corporation created by the legislature of Pennsylvania, by the Act of May 3d 1860, which authorizes said company to construct a railroad, commencing at a point upon the Philadelphia and Reading Railroad, at or near the bridge of said company near Peters's Island, in the river Schuylkill; thence to the Pennsylvania Railroad at the village of Hestonville, and thence to a point on the Philadelphia, Wilmington and Baltimore Railroad, by the shortest practicable route. All of said Junction Railroad is thus situate in the county of Philadelphia, and subject to the General Railroad Act of February 19th 1849, and the supplements thereto.

The said Junction Railroad intersects Girard avenue below grade, and the city of Philadelphia has built a bridge over said Junction Railroad, and the said paving, duly authorized by councils, was done upon said bridge and the approaches thereto, the ground for sixty feet in width at this point, under and on both sides of the bridge, being owned by the said Junction Railroad, in fee. The paving was completed and accepted by the city in July 1876.

A rule was taken for judgment for want of a sufficient affidavit of defence, and the court (Yerkes, J.), in an opinion said:

"The case of City *v.* Railroad Company, 9 Casey 41, must govern wherever it is applicable; but in that case the railroad company only possessed an easement and were not the owners of

land. In the case before us the defendant company own the land. The acts relative to paving make the owners of land liable to pay for paving. We cannot find authority to apply a rule to railroad companies owning land different from that applicable to private persons. It may be that any proceedings to enforce the lien would vest a title subject to the easement or the franchises of the company ; but that does not seem any reason why whatever interest the company may have in the land in excess of the necessities of the easement should not be subject to lien and levy and sale.

"The claim is against a lot sixty feet in width. There is no averment that so much land is necessary for the enjoyment of the franchises vested in the defendant, and the fact is that much of the land is not so used, and it was so admitted on the argument. If the land against which the lien is filed is not used for corporate purposes, why should it not be subject to lien, &c. ?

"We do not see why an interest in land in excess of the easement, and why land owned by a railroad company, and not used for the purpose of its corporate franchises, should not be subject to a paving lien. To this extent we hold that defendants are liable. Nor can the fact that the ground is below grade affect the question. If it was so held, there would be no reason why private owners of land above and below grade should not be exempted.

"Rule made absolute."

The railroad company took this writ and assigned this action for error.

*Thomas Hart, Jr.*, for plaintiff in error.—The soil of one public road cannot be taxed to raise funds to make or improve another : City of Philadelphia *v.* Philadelphia, Wilmington & Baltimore Railroad Co., 9 Casey 41 ; City *v.* Eastwick, 11 Id. 75. The occupation of land by a railroad company is so necessarily exclusive, that there is practically no difference between the fee-simple value of the land and the damages for the technical easement of way.

The decision certainly did not intend to distinguish between cases where a company obtained a release of damages, or where damages had been assessed by a jury and where the company had bought a strip of land for its road-bed, and while protecting the parts of its roadway acquired in the former mode, and because so acquired, permit other portions resting upon the latter title to be liened and sold. No such distinction can be justified. It is the use and purpose to which the property of a railway company is put, which determines its liability to taxation. It is the public works held by corporations, with their necessary appurtenances, which are exempt from taxation : Carbon Iron Co. *v.* Carbon County, 3 Wright 251 ; Railroad Co. *v.* Berks County, 6 Barr 70.

No distinction between property held in fee and under release of

damages was made in any of the other cases upon the subject of the taxation of the property of railroads : Lehigh C. & N. Co. v. Northampton, 8 W. & S. 334; Navigation Co. v. The Commissioners, 1 Jones 202; Delaware & Hudson Canal Co. v. The Commissioners, 3 Harris 351; Plymouth Railroad Co. v. Colwell, 3 Wright 337; Northampton Co. v. Lehigh C. & N. Co., 25 P. F. Smith 461; Lodge v. P., W. & B. Railroad Co, 8 Phila. R. 345.

*Thomas J. Ashton*, for defendants in error.—The first section of the Act of April 21st 1858, provides, "That the offices, depots, car-houses and other real property of railroad corporations situate in said city, the superstructure and water stations of the road only excepted, are, and hereafter shall be subject to taxation by ordinances for city purposes." Under said act, and the ordinances of the city, the ground of the company is certainly liable for this paving.

The case of the Northern Liberties v. St. John's Church, 1 Harris 104, very clearly distinguishes between taxes as taxes, and assessments for municipal improvements, and the law as there stated, it is submitted, is the law of this state to-day: Hammett v. The City of Philadelphia, 15 P. F. Smith 146.

In answer to the averment of plaintiff in error that the whole of said sixty feet owned by them is used exclusively for railroad purposes, it is only necessary to state that, by actual measurement, only about twenty-two feet thereof are used for the superstructure of the double tracks of this road, and how the remaining thirty-eight feet are or can be necessary for the proper use of said road, it is not easy to understand. If they can own sixty feet they might well claim that six hundred feet were required for the necessary uses of the said railroad. But in view of the Act of 1858, which makes all railroad property, except the superstructure of the road and the water-stations, subject to taxation by ordinances for city purposes, it would seem too clear for argument that the fee of the said sixty feet is liable for the claim, and that judgment was properly entered thereon.

Mr. Justice PAXSON delivered the opinion of the court, March 3d 1879.

This case is ruled by The City of Philadelphia v. The Philadelphia, Wilmington and Baltimore Railroad Co., 9 Casey 41. It was there held that the city cannot support a claim for paving, against the road-bed of a railroad. An attempt was made to distinguish the cases, upon the ground that the plaintiff in error owned the road-bed in fee, whilst in the case cited the company had only a right of way over it. We are unable to see any substantial distinction. The right of way acquired by a railroad company is exclusive at all times and for all purposes : Railroad Co. v. Norton,

[Junction Railroad Co. *v.* City of Philadelphia.]

12 Harris 465; Mulherrin *v.*. Delaware, Lackawanna and Western Railroad Co., 31 P. F. Smith 366. Moreover it is perpetual. For the purpose, therefore, of filing municipal claims for paving against the road-bed of a railroad company the distinction between the right of way and the fee is a shadowy one. While the fact that the company did not own the fee was referred to in the case in 9 Casey, it was not the only or the main reason for affirming the judgment. It was there held that the claim had "no foundation either in the letter of the law or in its spirit, nor in the form of the remedy;" that the paving laws are means of compulsory contribution among the common sharers in a common benefit, and as a railroad cannot, from its very nature, derive any benefit from the paving, while all the rest of the neighborhood may, it is not to be presumed that the compulsion was intended to be applied to such companies. A scire facias upon a claim of this kind is a proceeding *in rem.* It is averred in the affidavit of defence "that the premises described in the claim filed in the above-entitled case constitutes a section of the roadway of this company, being a strip of ground sixty feet in width, extending northwardly from Girard avenue, and used exclusively for railroad purposes." Upon a judgment recovered upon this claim it is plain that no portion of the ground could be sold other than that above described, nor is it claimed that the city could do more than sell the fee in the sixty feet subject to the easement or right of way of the company. The contention is that the company, being the owner of the fee, the fee may be sold subject to the easement. But *cui bono?* Such proceeding would be a vain thing. The fee is absolutely worthless subject to the easement. But as before observed it is entirely immaterial whether or not the company is the owner of the fee. In the City of Philadelphia *v.* Eastwick, 11 Casey 75, the city filed two liens, one against the railroad company for the paving done along its track, and the other against the owner of the fee. Having failed, as we have seen (City of Philadelphia *v.* Philadelphia, Wilmington and Baltimore Railroad Co., *supra*), to sustain its claim against the company, the city attempted to enforce it against the owner of the fee, in which it was also unsuccessful. The attempt to lien the road-bed failed, both as to the company holding the mere right of way, and the owner of the fee. The Junction Railroad is a connecting link between three of our leading lines of railroad. It is a public highway of more than ordinary importance. "It would be strange legislation," says LOWRIE, J., in The City *v.* The Railroad Company, *supra*, "that would authorize the soil of one public road to be taxed in order to raise funds to make or improve a neighboring one."

The learned judge of the court below placed his decision partly upon the ground that a portion of the land was in excess of the amount required for the easement. We find no such statement or admission in the affidavit of defence, and we cannot go outside of it.

[Junction Railroad Co. *v.* City of Philadelphia.

On the contrary, it is expressly averred that the ground in controversy is a section of the roadway of the company, and is used exclusively for railroad purposes.

I have confined the discussion of this case to the matter of the road-bed. The question of the liability of other real estate of such corporations, such as depots, offices, shops, and the like, to taxation and municipal assessments, is not raised by this record.

Judgment reversed, and a *procedendo* awarded.