## ALLEGHENY CITY v. WEST. PENNA. R. CO.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued November 5, 1889—Decided January 5, 1891.
[To be reported.]

1. A strip of ground, the whole of which is occupied by railroad tracks and which forms part of the roadbed of a railroad company, is not liable to a municipal claim for the improvement of a street running parallel with

Statement of Facts.

and adjoining such roadbed, whether the railroad company owns the ground in fee or only an easement thereon.*

(a) The act of April 1, 1870, P. L. 751, directing the assessment of the cost of street improvements, in Allegheny city, against the owners of any interest in abutting properties, and that when the owner is a public corporation, and the property cannot for any reason in law be sold upon a municipal lien, the lien shall be prosecuted to judgment and collected by a writ of fieri facias:

2. The provisions of the act, even if they are broad enough and were intended to cover all railroad property, do not affect the above rule, especially in a case where the railroad is from twelve to fifteen feet lower than the bed of the street, as assessments for such improvements can be sustained only when the property is capable of benefit therefrom.

3. While, as a general rule, the property owner cannot defend upon the ground that his property is not benefited by a street improvement, this rule has no application to the roadbed of a railroad company, that being the one species of property which the law presumes incapable of being benefited: West. Penna. R. Co. v. Allegheny, 2 W. N. 229, distinguished.

4. In the absence of any special benefit from such an improvement, and in a case where the courts can declare, as a matter of law, that no such benefit can arise, the legislature is powerless to impose upon the property the burden of special assessments for the cost of the improvement; this would not be a tax, but practical confiscation.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-LIAMS, McCOLLUM and MITCHELL, JJ.

No. 205 October Term 1889, Sup. Ct.; court below, No. 16 January Term 1889, M. L. D., C. P. No. 2.

On December 8, 1888, the city of Allegheny filed a municipal claim for $4,238.78, with interest from July 1, 1888, and attorney's commissions of five per cent, against a certain lot of ground described as fronting 442 feet on the south side of East Ohio street in said city, and running back therefrom 52 feet to South Canal street, with a further description of its location and boundaries; averring that the Western Pennsylvania Railroad Company was the owner or reputed owner of said lot, and that the sum aforesaid was an assessment thereon for the cost and expense of grading, paving and setting with curb stones a portion of the said street, the work having been done in pursuance of the act of April 1, 1870, P. L. 751, and its supplements, and an ordinance of said city, within six months last past, etc.

---

* See Mt. Pleasant Bor. v. Railroad Co., ante, 365.

On January 7, 1889, a writ of scire facias upon said claim was served upon the station agent of defendant company at Allegheny, and on January 25, 1889, the defendant filed an affidavit setting forth a defence to the action as follows:

"That said lot of ground, described as aforesaid by metes and bounds, is a portion of the old Pennsylvania Canal constructed by the commonwealth of Pennsylvania and sold and conveyed to the Pennsylvania Railroad Company, and by the said Pennsylvania Railroad Company sold and conveyed to the Western Pennsylvania Railroad Company, by deeds duly recorded in the recorder's office of Allegheny county; that the Western Pennsylvania Railroad Company, under and by virtue of its title to said old canal property, has constructed a line of railroad from the city of Allegheny to Freeport, on said canal, and the same has been in use and operation for a period of over twenty years; that the lot of ground, hereinbefore described, is at present used and occupied by said railroad company with two main tracks, known as an east-bound and a west-bound track; and, in addition thereto, there is constructed over said lot, and now in use, two sidings extending for the whole distance and more than the distance of the 442 feet of ground against which said lien is filed; that there is no room left between the siding and the retaining wall, built by said city, for another track or siding; that there is also a third siding on the south of the main east track for the whole distance extending over the lot described as aforesaid; that the whole of said lot, being 52 feet or more in width, and in length a distance of 442 feet, is covered with the said tracks and sidings to such an extent as to be wholly occupied, leaving no additional room for other tracks."

The affidavit averred, further, that a plot attached thereto accurately represented the location of a retaining wall built by the city along the north side of said lot of ground, with the location of the various tracks upon said lot, and the streets, properties and buildings in the immediate neighborhood. From the plot, it appeared that the surface of the lot in question was at a lower level than the surface of the street; that the retaining wall at the southern edge of the street, referred to in the affidavit, was from twelve to fifteen feet high, and that a part of the ground on the northern side of the street consisted of building lots, occupied by houses which fronted on the street.

Arguments.

A rule for judgment for want of a sufficient affidavit of defence having been discharged by the court, EWING, P. J., filing no opinion, the plaintiff after bill sealed took this appeal, assigning the order of the court discharging said rule for error.

*Mr. George Elphinstone*, City Solicitor, for the appellant:

1. We do not question the propriety of the decision in Junction R. Co. v. Philadelphia, 88 Pa. 424, holding the roadbed of a railroad not assessable for the improvment of a street on which it abutted. The act of April 21, 1858, P. L. 385, under which the municipal claim was filed in that case, expressly exempted the superstructures of railroads in Philadelphia from such assessments, and the policy of the law, forbidding the assessment of one highway for the improvement of another, as declared in Philadelphia v. Railroad Co., 33 Pa. 41, gave added force to the legislative prohibition. But those authorities cannot affect the case in hand, because the legislature, by act of April 1, 1870, P. L. 751, clothed the city councils of Allegheny with ample power to assess railroad property with the expense of street improvements.

2. In § 6 of the act of 1870, the power is conferred to assess the cost of such improvements on the owners of property abutting on the street improved, by the foot-front rule; and § 18 provides that the term, owner, shall include corporations and associations having any title or interest in the properties assessed. Under § 20, when the defendant in a scire facias is a public corporation, so that the property assessed " cannot for any reason in law be sold upon a judgment obtained on such scire facias, such lien shall be prosecuted to judgment on the scire facias; and the writ of execution to be issued on any such judgment shall be a writ of fieri facias, by virtue of which the sheriff may levy upon any personal property, etc. of said corporation." These provisions were intended to alter, for the city of Allegheny, the law declared in Philadelphia v. Railroad Co., supra, and the legislature had power to make such property taxable in this manner: Welty's Law of Assessments, § 180.

3. It is admitted that this property is owned in fee by the defendant, and that it is a part of the old Pennsylvania Canal. By § 2, act of April 27, 1864, P. L. 624, the authority was

Arguments.

granted to abandon any portion of the canal. The defendant, then, may, if it chooses, abandon this ground for railroad purposes, and devote it to some other use. But, under § 18 of the act of April 1, 1870, it is immaterial whether it owns the fee or only an easement. The liability of this defendant for municipal assessments was decided by this court in West. Penna. R. Co. v. Allegheny, 2 W. N. 229. Moreover, it is incompetent for the defendant to raise the question whether its property was benefited by the improvement for which the present lien was filed: Commonwealth v. Woods, 44 Pa. 113; Ballentine Dist. v. Evans, 61 Cal. 106. The councils of the city, in making this assessment, were the ministers of a sovereign state, imposing a tax by its supreme authority; and it is against the letter and policy of the law to permit the interposition of such a defence, especially when the amount of the tax is fixed by frontage. The defendant has alleged nothing to make the frontage rule unconstitutional as applied to this case.

*Mr. William Scott* (with him *Mr. John H. Hampton* and *Mr. George B. Gordon*, for the appellee:

1. This case is ruled by Philadelphia v. Railroad Co., 33 Pa. 41; Junction R. Co. v. Philadelphia, 88 Pa. 424. Whatever force there may be in the appellant's contention, based upon the provisions of the act of April 1, 1870, P. L. 751, as to railroad property abutting on streets, and used for stations, warehouses, etc., it fails in its application to a case like the present, where the property is merely the roadway. The present question was neither raised nor decided in West. Penna. R. Co. v. Allegheny, 2 W. N. 229. The railroad company, in that case, contended that the assessment of the benefits sought to be collected was illegal, because based upon an unlawful taking of its property in opening a street. The decision of this court was that the company was concluded by the previous proceedings in the Court of Quarter Sessions. The provisions of the act of April 27, 1864, P. L. 624, referred to by appellant's counsel, relate to the abandonment of the canal, as distinguished from its maintenance. They do not authorize the defendant to abandon its railroad and to devote the land to other uses. At any rate, this has not been, and is not likely to be done.

2. Even if the act of 1870 did authorize the assessment of

Opinion of the Court.

defendant's roadway for the improvement of an adjacent public street, the foot-front assessment cannot be sustained. Such a method is sustained only as a substitute for actual assessment, where the properties are of one kind and not differing much in value: Hammett v. Philadelphia, 65 Pa. 146; Washington Ave., 69 Pa. 352; Seely v. Pittsburgh, 82 Pa. 364. And it appears, in the present case, that on the northern side of East Ohio street are city lots, probably substantially similar in character and value, while on the southern side is the defendant's railroad, from twelve to fifteen feet below the grade of the street. There is no necessity for any access to the street from the railroad, but if there were, the difference in grades makes it impossible. The improvement of the street cannot possibly benefit the railroad; but even if there were a possibility of such benefits, the situation of the land and the nature of its use render it so totally unlike the property on the north side of the street, as to bring this case within the decisions holding the frontage assessment inapplicable.

OPINION, Mr. CHIEF JUSTICE PAXSON:

This was a municipal claim filed by the city of Allegheny against the Western Pennsylvania Railroad Company, for grading, paving, and curbing East Ohio street, in said city. An affidavit of defence was filed on behalf of the defendant company, in which it is set forth, inter alia.

" That the lot of ground, hereinbefore described, is at present used and occupied by said railroad company with two main tracks, known as an east-bound and a west-bound track; and, in addition thereto, there is constructed over said lot, and now in use, two sidings extending the whole distance and more than the distance of the 442 feet of ground against which said lien is filed; that there is no room left between the siding and the retaining wall, built by said city, for another track or siding; that there is also a third siding on the south of the main east track for the whole distance extending over the lot described as aforesaid; that the whole of said lot being 52 feet or more in width, and in length a distance of 442 feet, is covered with said tracks and sidings to such an extent as to be wholly occupied, leaving no additional room for other tracks."

It will thus be seen that the claim is filed against 442 feet

of the roadbed or right of way of the railroad company, the whole of which is covered with its main tracks and sidings. It further appears that the roadway, at this particular point, is depressed, and that the city was compelled to construct a retaining wall to hold up the street. Under this state of facts, the court below refused judgment for want of a sufficient affidavit of defence, from which judgment this appeal was taken by the city.

It was expressly ruled in Philadelphia v. Railroad Co., 33 Pa. 41, and in Junction R. Co. v. Philadelphia, 88 Pa. 424, that the roadbed of a railroad company was not liable to a municipal claim for street improvements. We need not repeat what was there said, nor re-state the reasons upon which those decisions rest. Their authority is not questioned; on the contrary, the city bases its claim upon the act of April 1, 1870, P. L. 751, entitled, "An Act relative to streets in the city of Allegheny," which act it was alleged clothed the city with ample power to assess railroad property for the cost of street improvements. It is necessary, therefore, to consider the provisions of said act, so far as they bear upon this case.

Section 6 provides as follows : " The said councils are hereby authorized, whenever they deem the same necessary, to cause to be graded, re-graded, paved, re-paved, or macadamized, any public street, lane, or alley, or any parts thereof, which is now or which may hereafter be laid out and opened in said city, or which may be in whole or in part boundaries of said city, and to have the same set with curbstone, and the foot or sidewalks paved; and the said councils are hereby authorized to levy and collect the cost and expense of grading, paving, and macadamizing, from the owners of property bounding or abutting on said streets, lanes, or alleys, or parts thereof, thus improved, by an assessment of an equal sum per foot front of said properties."

Section 18 of said act provides: " That the term owner, as used in this act, shall be construed to mean all individuals, incorporated companies, and religious, benevolent, literary, or other societies or associations having any title or interest in the properties appraised or assessed."

Section 20 provides : " Where the defendant in any writ of scire facias authorized by this act may be a public corporation,

Opinion of the Court.

and the property assessed and upon which the scire facias is issued, cannot for any reason in law be sold upon a judgment obtained on such scire facias, such lien shall be prosecuted to judgment on the scire facias; and the writ of execution to be issued on any such judgment, shall be a writ of fieri facias, by virtue of which the sheriff may levy upon any personal property, goods, chattels, money or effects of the said corporation."

If we concede that the act is broad enough to cover, and was intended to cover railroad property, it by no means follows that it applies to the roadbed. We have decided, in an opinion filed herewith, Mt. Pleasant Bor. v. Railroad Company, ante 365, that a lot of land belonging to a railroad company, on which were erected a depot, freight depot, and lumber yard, was liable to a municipal claim for paving the sidewalk in front of said lot. At the same time, we held that so much of the said lot, if any, as formed a portion of the roadbed or right of way, was not subject to the lien. We need not repeat what was said in that case. The constitutionality of assessments for street improvements can be sustained only upon the ground that the property assessed is benefited by the improvement. This is the doctrine of all the authorities. It is sufficient to refer to Hammett v. Philadelphia, 65 Pa. 150.

It is true, as a general rule, the property-owner cannot defend on the ground that his property is not benefited by the improvement: Michener v. Philadelphia, 118 Pa. 535; Commonwealth v. Woods, 44 Pa. 113. These cases, however, and the reasoning by which they are supported, have no application to the roadbed of a railroad company. This is the one species of property which it is conceded can derive no possible benefit from street improvements. As was said in Philadelphia v. Railroad Co., supra, "A railroad cannot, from its very nature, derive any benefit from the paving, while all the rest of the neighborhood may." The owner of an ordinary lot of ground, whether such owner be an individual or a railroad corporation, cannot be heard to defend against a municipal assessment for paving, for the reason that the law presumes such property is benefited. But, in the case of the roadbed of a railroad, the presumption of law is the other way. It is the same at all times and under all circumstances; hence, the law declares the absence of benefits.

It was urged, however, that the liability of a railroad company for municipal assessments was decided by this court in Western Penna. R. Co. v. Allegheny, 2 W. N. 229. That case does not rule this, however. A railroad company may be liable for some municipal assessments. We have just decided, in Mt. Pleasant Bor. v. Railroad Co., as has been already stated, that a passenger depot, freight depot, and lumber yard were so liable. But neither of the above cases, nor any other case to which my attention has been called, has ever held that such a lien may be filed against the roadbed. It was urged, however, that it is within the power of the legislature to subject it to such claims, and that the act of 1870 has done so in the city of Allegheny. We are not discussing the power of that body to impose general taxation. It is admittedly very great, and, as observed in Fox's App., 112 Pa. 337, " within the limits of the constitution it is bounded only by the necessities of the state and the will of the people." We are dealing with the question of special, local taxation; of the right of municipal authorities to levy a tax upon A, which it does not impose upon B, for the reason that it has done something by which the property of A has been specially benefited to the amount of the tax. In the absence of any such benefit; in a case where we can declare as a matter of law no such benefit can arise, the legislature is powerless to impose such a burden. It would not be a tax in any proper sense of the term; it would be in the nature of a forced loan, and would practically amount to confiscation.

Judgment affirmed.

