City of Erie, Appellant, *v.* A Piece of Land Fronting on State Street and The Lake Shore & Michigan Southern Railway Company.

*Municipal lien—Paving—Railroad—Affidavit of defense.*

An affidavit of defense to a municipal lien for paving is sufficient to prevent judgment, which avers that the land against which the lien was filed was all used and occupied for railroad purposes, and that it constituted the roadbed and necessary right of way of the railroad; and which describes minutely the various tracks located on the land, with their uses and purposes.

Argued April 29, 1896.   Appeal, No. 225, Jan. T., 1896, by plaintiff, from order of C. P. Erie Co., May T., 1895, No. 50, discharging rule for judgment for want of sufficient affidavit of defense.   Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ.   Affirmed.

Scire facias sur municipal lien.   Before GUNNISON, P. J.

From the record it appeared that the lien was filed against a tract of land owned by the Lake Shore & Michigan Southern Railway Company.   S. B. Kennedy, the depot master of the railroad company, filed the following affidavit of defense.

That the tracks of the defendant company cross State street at the point in question by what is known as overhead crossings by means of two separate double track bridges and embankments, abutments, etc., the railroad tracks being about seventeen feet above the level of State street, where the pavement was laid.

That the piece of ground facing one hundred and seventy (170) feet on the west side of State street and extending west-

wardly to Turnpike street, and against which said assessment was made and lien filed, is all used and occupied for railroad purposes and constitutes the roadbed and necessary right of way of said defendant company. And on said lot of ground are situate the defendant's east and west bound main tracks, and also a main passenger track and freight track owned by defendant, and, by agreement, used jointly by defendant and the Philadelphia & Erie Railroad Company, and also a siding or switch track, all of which tracks extend across said lot in an easterly and westerly direction, and are in actual use for railroad purposes.

And that said lot of ground facing on State street is all occupied by said railroad tracks and the embankments and abutments necessary thereto, which embankments and abutments are necessary to support said tracks and bridges and to carry the same over State street. That said lot of ground was so used and occupied at the time said pavement was constructed and assessment made, and had been so used for years prior thereto. And that said piece of ground is and was at the time said pavement was constructed and assessment laid, all used for railroad purposes and necessary to the proper and legitimate operation of the same, and the defendant could not perform its regular and ordinary business as a common carrier with its tracks and right of way as at present located without the use and possession of said piece or lot of ground.

And deponent is advised by the counsel of said defendant company and believes that said piece of ground forming the roadbed and necessary right of way of said company is not liable to assessment for street improvements or to any other species of local taxation, and is not assessed or assessable for purposes of city taxation, and deponent is informed and believes that the property aside from defendant's abutting upon State street and assessed for said pavement receives an annual rebate of five per cent of the price of said pavement for ten years, amounting in all to one half of the cost of said pavement, no part of which the said defendant could lawfully receive.

The court discharged a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*J. Ross Thompson, Joseph P. O'Brien* with him, for appellant.—Special assessments or special taxes proceed upon the theory that when a local improvement enhances the value of neighboring property, that property should pay for the improvement: Illinois Central R. R. v. Decatur, 147 U. S. 190.

An exemption from taxation is to be taken as an exemption simply from the burden of ordinary taxes, taxes proper, and does not relieve from the obligation to pay special assessments: Cooley on Taxation, 416 ; Broad Street Church's App., 165 Pa. 475; Penna. R. R. v. Pittsburg, 104 Pa. 522 ; L. S. & M. S. R. R. v. Grand Rapids, 102 Michigan, 374.

*E. A. Walling*, for appellee.—As this is a motion for judgment for want of a sufficient affidavit of defense, every averment in the affidavit must be taken as true : Reformed Dutch Church v. Jones, 132 Pa. 462 ; Bryson v. Home for Disabled and Indigent Soldiers, 168 Pa. 352.

A municipal claim cannot be supported against a railroad company for paving a street. running side by side with the defendant's railway: Philadelphia v. Phila., Wil. & Balt. R. R., 33 Pa. 41; Junction R. R. v. Philadelphia, 88 Pa. 424; Mt. Pleasant Borough v. B. & O. R. R., 138 Pa. 365; Allegheny City v. West Penna. R. R., 138 Pa. 375; Hammett v. Philadelphia, 65 Pa. 146 ; City of Erie v. Russell, 148 Pa. 384 ; Detroit, Grand Haven & Milwaukee R. R. v. City of Grand Rapids, 28 Lawyers' Rep., Annotated, 793 ; Broad Street, 165 Pa. 475 ; Act of Feb. 19, 1849, sec. 10, P. L. 83 ; Mazet v. Pittsburg, 137 Pa. 548.

PER CURIAM, May 18, 1896 :

The affidavit of defense in this case avers that the piece of ground against which the assessment was made and lien filed, was all used and occupied for railroad purposes, and constitutes the roadbed and necessary right of way of the railroad company, and it further describes minutely the various tracks which are located thereon and their uses and purposes. The reason why such property, so used, is exempt from taxation as real estate, is that it is not real estate but is a part of the corporate franchise. If any part of the ground in question was used for other purposes than as the bed of a railroad, that portion would

be liable to taxation. But as the affidavit of defense alleges that the whole of the lot is so used it is not the subject of taxation or assessment if that averment is sustained. The defendant is therefore entitled to be heard as to the facts alleged in the affidavit and the case must go to a jury. Appeal dismissed without prejudice.