# Philadelphia, Appellant, *v.* Philadelphia & Reading Railroad Company.

*Municipal liens—Water pipe—Railroads—Right of way—Real estate—Act of June 4, 1901, P. L. 364.*

The roadbed of a public railroad is not "real estate" within the meaning of the Act of June 4, 1901, P. L. 364, and is not subject to assessment for local taxation or municipal claims.

Argued Dec. 18, 1908. Appeal, No. 204, Oct. T., 1908, by plaintiff, from order of C. P. No. 5, Phila. Co., Sept. T., 1903, No. 3,995, M. L. D., making absolute rule to strike off liens in case of City of Philadelphia v. Philadelphia & Reading Railroad Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule to strike off municipal liens for water pipe assessed against defendant's right of way.

*Error assigned* was order making absolute rule to strike off liens.

*Francis M. McAdams,* with him *James Alcorn* and *J. Howard Gendell,* for appellant.—The act of 1901, authorized the liens in suit: Penna. R. R. Co. v. Pittsburg, 104 Pa. 522.

Unless this act does apply as to property essential to a quasi-public corporation, then sec. 31 is absolutely useless and could have no meaning whatever, for if the property essential to one quasi-public corporation, or one class of quasi-public corporations, is exempt under the act, then, of course, the property of all other quasi-public corporations is also exempt, just as they have been from taxes proper: Lehigh Coal and Navigation Co. v. Northampton County, 8 W. & S. 334; N. Y. & E. R. Co. v. Sabin, 26 Pa. 242; West Chester Gas Co. v. Chester County, 30 Pa. 232; Coatesville Gas Co. v. Chester County, 97 Pa. 476; Allegheny County v. Diamond Market, 123 Pa. 164; Mt.

Pleasant Boro. v. R. R. Co., 138 Pa. 365; Schuylkill County v. Citizens' Gas Co., 148 Pa. 162; Phila. v. R. R. Co., 1 Pa. Superior Ct. 236.

*John G. Lamb*, for appellee.

Opinion by Porter, J., February 26, 1909:

The city of Philadelphia laid a water pipe in Clarissa street and filed a municipal claim therefor against a part of the right of way of the defendant company abutting on the street. The claim filed expressly stated that the land was a portion of the right of way of the defendant. The sole question presented by the record is whether the city can maintain a municipal claim for a local improvement against the right of way of a railroad company which abuts upon the street. It is conceded that the claim could not have been maintained prior to the Act of June 4, 1901, P. L. 364, but it is contended on behalf of the city that the lien should be sustained under the provisions of that statute.

The fifth section of the Act of June 4, 1901, P. L. 364, after exempting certain classes of property, contains this provision: "All real estate, by whomsoever owned and for whatsoever purpose used, shall be subject to all tax claims and municipal claims herein provided for." The right of way of a railroad company is not named among the classes of property expressly exempted, and it is asserted that it must for this reason be held liable to assessment. Prior to the enactment of this statute it had been held that the roadbed or other property of a railroad company essential to the exercise of its franchise was not subject to taxation or municipal charges, while property which was held for mere convenience in the conduct of its business was subject to taxation for both purposes. We do not deem it necessary to review the reasons given for the decisions in Junction Railroad Company v. City of Philadelphia, 88 Pa. 424, and the earlier cases. When the statute in question became a law it had been settled by judicial construction that the words "real estate" in a tax act did not include land essential to the exercise by a public corporation of its franchises, without which its public duties could not be performed: City of Erie v. Piece of

Land, 175 Pa. 523; City of Philadelphia v. Philadelphia & Reading Railroad Company, 177 Pa. 292; Philadelphia v. Traction Company, 208 Pa. 157. That this was the settled policy of the law is clearly demonstrated, by Mr. Justice FELL, in the case last cited, who there reviews the authorities which had established the rule. The act of 1901 was written in the light of these decisions, and the words "real estate" when used therein must be held to have the meaning which had been given to them by the Supreme Court in construing previous statutes authorizing taxation of the same character, in the absence of a clearly expressed legislative intention that they should have a different meaning: Pennsylvania Railroad Company v. Pittsburg, 221 Pa. 90; Conoy Township v. York Haven Electric Power Plant Company, 222 Pa. 319. The roadbed of a public railroad is not "real estate" within the meaning of the act of 1901 and is not subject to assessment for local taxation and municipal claims.

The judgment is affirmed.