# South Fork Borough *v.* Pennsylvania Railroad Company, Appellant.

*Constitutional law—Constitution of Pennsylvania—Local and special legislation—Municipal claims — Boroughs — Grading and paving of streets—Act of May 12, 1911, P. L. 288—Railroads— Liens against railroad property.*

1. The Act of May 12, 1911, P. L. 288, empowering boroughs to pave public streets and to assess a portion of the cost of the same on the owners of the properties abutting thereon, is not open

to the objection that it is local, as it relates to all boroughs in the Commonwealth, or that it is special, as boroughs have frequently been recognized as proper subjects of classification, and is valid.

2. The road bed and right of way of a railroad are exempt from assessment for municipal improvements, but such exemption does not extend to the stations, platforms, and other property of the railroad not absolutely necessary to the exercise of its franchises.

3. The fact that a municipal lien for grading and paving, filed against the property of a railroad company may include ground on which is laid part of the roadbed and tracks of the railroad company, does not invalidate the lien. Judgment may be had on such a claim, but the purchaser at sheriff's sale under the judgment, would take the land subject to the railroad company's easement.

4. In proceedings ·against a railroad company for the enforcement of a municipal lien, it appeared that the lien included a strip of ground adjacent to the street, on which a station, shelter and platform were built, a portion of the right of way and tracks of the railroad company, ground occupied by a platform between the main and branch tracks and a track upon which dwelling houses, baggage rooms, and other buildings were located. The jury found a verdict for plaintiff for the amount of the claim, upon which judgment was entered. Defendant contended that more land was included in the claim than was subject to assessment and lien for street purposes. *Held,* that as the court would have control over any execution which might be issued on the judgment and as the purchaser at sheriff's sale would only acquire title to that part of the land which was covered by the lien, subject to any easement of the railroad company it was unnecessary to decide whether too much land was embraced therein, and the judgment was affirmed: Philadelphia v. Philadelphia, Wilmington & Balto. R. R. Co., 33 Pa. 41, and Allegheny City v. West Penna. R. R. Co., 138 Pa. 375, distinguished.

Argued Sept. 27, 1915. Appeal, No. 224, Oct. T., 1915, by defendant, from judgment of C. P. Cambria Co., Dec. T., 1912, No. 318, on verdict for plaintiff, in case of South Fork Borough v. Pennsylvania Railroad Company. Before Brown, C. J., Mestrezat, Potter, Stewart, Moschzisker and Frazer, JJ. Affirmed.

Scire facias sur municipal lien for grading and paving a street. Before Stephens, P. J.

From the record it appeared that the action was a scire facias upon a municipal lien filed in the Court of

Common Pleas of Cambria County by South Fork Borough against premises owned by the Pennsylvania Railroad Company to collect an assessment of $1,403.04 for grading and paving a borough street. The claim was filed under the Act of May 12, 1911, P. L. 288. It contained a description of the premises on which the assessment was made, and was otherwise in compliance with the requirements of the act. The railroad company, as owner, filed an affidavit of defense in which it was alleged that the entire improvement for which the claim was made extended along the main tracks, roadbed and right of way of the railroad company, together with the abutments and embankments necessary to support the street and a public bridge extending over the railroad and that this property was not liable to assessment for municipal improvements. It was admitted that there was upon a part of the ground described in the lien a small shelter adjacent to the railroad track, but it was averred that if this ground was subject to lien the amount that could be assessed against it would be only $149.33. It was also averred that the Act of 1911 was special legislation and unconstitutional.

From the evidence it appeared that the tract of ground, which was the subject of the claim, extended along Railroad street, on which the paving and grading was done, for a distance of some 1,315 feet, and at one end extended in depth 143 feet to the Conemaugh river. At the other end it extended to another point lower down on the river bank. The tract comprised all the land between the street and the river for the distance stated in the claim, but neither the claim nor the testimony shows the area of the tract. It included (1) a strip of ground adjacent to the street, 34 feet deep and 144 feet in width, on which was built a station or enclosed shelter and platform, also steps and walks leading to this shelter and the retaining wall supporting the street, which is above the grade of the railroad, and the embankment sloping down from it; (2) the right of way and tracks

of the South Fork branch of defendant company; (3) a platform, with enclosed and open shelters for passengers and ticket office, between the branch tracks and main tracks; (4) the main tracks and right of way of the defendant company; (5) a tract of ground of irregular shape between the main tracks and the river, upon which are erected three dwelling houses and a baggage room; (6) to the westward a baggage room and platform, and (7) an overhead bridge, fences, &c.

Verdict for plaintiff for $1,627.91 and judgment thereon. Defendant appealed.

*Errors assigned* were answers to points, instructions to the jury, rulings on evidence, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*F. J. Hartman,* with him *H. W. Story, Jr.,* for appellant.

*D. P. Weimer,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 3, 1916:

The first assignment of error raises the principal question in this case. It is there alleged that the court below erred in affirming plaintiff's third point, which was, "that the lien is a valid and subsisting one, and the plaintiff should have judgment, if the jury find as a matter of fact that the premises described in the lien, or any part thereof, is a convenient possession affording facilities in conducting the business of the company, and enabling it to make money, and not an integral and indispensable part of the roadbed." It seems to be conceded by counsel for appellant, that a portion of the property of the defendant, adjoining the street, that is, the platform and shelter station, being 34 feet in depth and extending along Railroad street, a distance of 144 feet, was subject, under the Act of 1911, to assessment and lien

for the cost of grading and paving the street. It is also admitted that there is considerable other land, occupied by the platforms, shelters, ticket office, baggage and freight stations, and by dwelling houses and their appurtenances belonging to the railroad company, which were proper subjects for assessment and lien, if they are not too remotely situated, as to the street on which the improvement was made. That the roadbed and right of way of the railroad are exempt from assessment for municipal improvements, has been held in Philadelphia v. Philadelphia, Wilmington & Balto. R. R. Co., 33 Pa. 41; Junction R. R. Co. v. Philadelphia, 88 Pa. 424; Allegheny City v. West Penna. R. R. Co., 138 Pa. 375, and other cases which follow them. But this exemption does not extend to the stations, platforms and other property of the railroad, not absolutely necessary to the exercise of the franchises of the corporation : Mt. Pleasant Boro. v. Balto. & Ohio R. R. Co., 138 Pa. 365; Philadelphia v. Philadelphia & Reading R. R. Co., 177 Pa. 292; Philadelphia v. North Penna. R. R. Co., 1 Pa. Superior Ct. 254. There was, however, in this case, evidence tending to show that there was a strip of ground between Railroad street and the roadbed of the defendant company extending the entire length of the street improvement. This strip varied in width from three and one-half to fifty feet. This appears from the testimony of plaintiff's witness, the borough engineer, who prepared the plan marked "Plaintiff's Exhibit No. 1." The plan prepared by defendant marked "Exhibit No. 13," also shows that there is a strip of land between the street and the railroad track, extending the whole length of the improvement. If the jury believed the testimony of the witness, Thomas, plaintiff's engineer, which was not contradicted, and was corroborated in part at least, by the testimony of defendant's own engineer, they were justified in finding that at no point did the bed of the railroad directly adjoin or abut upon the street, but that other land of the defendant, not occupied by the

railroad bed, lay between it and the street. The testimony, as to the intervening strip of ground was uncontradicted. This differentiates the present case upon its facts from Philadelphia v. Philadelphia, Wilmington & Balto. R. R. Co., 33 Pa. 41; Allegheny City v. West Penna. R. R. Co., 138 Pa. 375, and other cases, in which it appeared that the roadbed and the street immediately adjoined without any ground intervening. The fact that the lien may include ground upon which is laid parts of the roadbed and tracks of the railroad company, does not invalidate it. In Philadelphia v. Philadelphia & Reading R. R. Co., 177 Pa. 292, that question was considered, and it was held that judgment might be had on a claim filed against ground over which extends the right of way and roadbed of the railroad; but that a purchaser at sheriff's sale under such judgment, would take the land subject to the railroad's easement. Mr. Justice DEAN, there said (p. 298) : "While we can from this record determine that a large part of this one thousand five hundred feet is not roadbed, we cannot say just how much is; but that fact prevents not the entry of judgment; the plaintiff has a lien on the land in excess of that not subject to municipal assessment; a sale of the land passes to the purchaser nothing the lien does not bind; he takes it subject to defendant's easement. ......The city has its judgment in rem against land on which defendant had, under the law, before the filing of the municipal lien, a visible, notorious easement or right of way to the extent of its roadbed.......The roadbed running to the river through this yard being necessary to the existence of the road as a common carrier cannot be taken from it by a proceeding in rem against the yard; the purchaser takes subject to the easement, just as the purchaser of land at sale under a mortgage takes subject to an open, visible easement antedating the mortgage." The court below did not, therefore, err in accepting a verdict and in entering judgment for the full amount of the claim; if execution should be issued and

there should be a sale upon the judgment, the purchaser would take the land subject to appellant's right of way over the roadbed. There is no merit in the suggestion that the verdict should have been directed for the defendant because no special benefits were conferred on it by the grading and paving of the street. The work was done in front of defendant's premises, and it is to be presumed that its property was thereby benefited. See Philadelphia v. Philadelphia & Reading R. R. Co., 1 Pa. Superior Ct. 236 (242), and cases there cited. Nor is the objection to the Act of May 12, 1911, P. L. 288, upon the ground of its unconstitutionality, well founded. The act is not local, as it relates to all boroughs in the Commonwealth. Nor is it special, as boroughs have frequently been recognized as proper subjects of classification. The language of this court in City of Scranton v. Whyte, 148 Pa. 419, is as applicable to boroughs, as to cities of the third class. It was there held, as set forth in the syllabus, that "The subject of the grading and paving of streets is clearly and exclusively one for municipal control. The power to collect the cost of the work so done by any appropriate form of taxation is a municipal power. Therefore an act upon this subject relating to one of the classes of cities is constitutional. So far as such an act applies in such cases the regular and settled course of procedure, as for example, the filing of a lien for assessment, with the usual procedure thereunder, it does not offend against the Constitution by providing for peculiar local procedure." Under the Act of 1911, the lien is made prima facie proof of the facts alleged therein. In the present case the lien was offered in evidence, and it was therein averred that the defendant company was owner of all the land described therein, including that between the railroad and the river. This averment was not denied in the affidavit of defense, or upon the trial. It is, however, suggested that the land north of the railroad was too remote from the street to be subject to assessment and lien for street

improvements.   Counsel for appellee makes reply that it is too late after judgment to raise the question that too much land has been included in the lien.   However, that may be, it is not necessary to consider that question now, as the court will have control over any execution which may be issued on a judgment on the municipal claim, and, in any event, the purchaser will acquire title to that only which is covered by the lien.

The assignments of error are all overruled, and the judgment is affirmed.