# City of Scranton v. The Delaware, Lackawanna and Western Railroad Company

*James W. McNulty, David J. Reedy, Jr.,* and *John J. Scott,* for plaintiff.

*Gomer W. Morgan,* and *O'Malley, Harris, Harris & Warren,* for defendant.

EAGEN, J., May 4, 1951.—On January 11, 1947, a pedestrian was injured due to a fall caused by an accumulation of ice and snow on a public sidewalk in the City of Scranton underneath a viaduct of defendant railroad company. The sidewalk is part of a public street, which intersects the railroad right-of-way and at the point involved the railroad crosses the street on an overhead viaduct supported by concrete abutments located on each side of the street. The sidewalks border on each side thereof.

. The pedestrian sued the City of Scranton for damages, which in turn joined defendant railroad company as an additional defendant, alleging it was the owner in possession of the premises abutting the sidewalk and,

therefore, primarily responsible for the dangerous condition.

When this case was called for trial, the city settled the claim by suffering a judgment in the amount of $350. The action was discontinued against the railroad company "without prejudice". This action was then instituted to recover from defendant company the amount paid in settlement of the claim outlined above. An answer was filed, wherein the railroad denied ever being in possession of the sidewalks involved or ever exercising any control over them. It alleged that defendant's right-of-way in the area concerned was used exclusively for the railroad bed and defendant company had nothing to do with nor received any benefit from the construction of the street. The city moved for judgment upon the pleadings and with this motion we are now concerned. The facts pleaded by defendant must be taken as true in considering this motion.

In Pennsylvania it is well settled that the owner or tenant in possession of property abutting upon a sidewalk is primarily liable and responsible for the repair and maintenance of the footway: Wright et ux. v. City of Scranton et al., 128 Pa. Superior Ct. 185. This is equally true where the question is one of snow removal as well as where the repair of a defect in the sidewalk is involved: Beebe et al. v. Philadelphia City, 312 Pa. 214.

The municipality is secondarily liable and where the recovery is had against the municipality by reason of a defect or existence of a nuisance upon the footway, the property owner or tenant in possession is liable over to the municipality for the amount of such recovery: Wright v. City of Scranton, supra.

However, before judgment may be entered in the instant case two questions must be determined: (a) Is the railroad an abutting owner? (b) If the railroad is an abutting owner, is it exempt from liability?

(a) It is averred in the complaint and in the brief of counsel for the city that the railroad is an abutting owner, but it is conceded by counsel for both sides in brief and argument that the street involved intersects and crosses the right-of-way of the railroad and in such crossing it passes between the piers and abutments of the railroad. We cannot hold as a matter of law that this situation constitutes the railroad an abutting owner in the sense contemplated by the current decisions so as to render it liable for the repair and maintenance of the sidewalk at the point where the injury occurred.

We find only one Pennsylvania case (Holbert v. Philadelphia, 221 Pa. 266) relative to a sidewalk passing under a railroad viaduct. This case appears to be on all fours with the case at bar. Therein, while the question of liability over was not raised, the court held that the responsibility for the condition of the sidewalk and liability for injuries arising therefrom was that of the city.

It is further admitted herein (at least for the purpose of the motion now before us) that defendant was never in possession of the public right-of-way; never exercised any control over it, and had nothing to do with its construction or improvement.

(b) Further, irrespective of the ownership of abutting property, it would appear from the decided cases that the railroad would not be liable to assessment for the construction of the sidewalk in question and ipso facto, would not be responsible for its maintenance. See Junction Railroad Co. v. City of Philadelphia, 88 Pa. 424, and Mt. Pleasant Bor. v. Balt. & O. R. Co., 138 Pa. 365. The reason for this rule as defined in these authorities is that the paving of the footway adjacent to the roadbed of a railroad does not confer any special benefit upon the railroad right-of-way and local assessments for improvements are not constitutional unless

special benefits are conferred upon the particular property assessed. In other words, such assessments may not be imposed merely for the common good. A different situation exists and the rule of liability is entirely different where the sidewalks or footways are adjacent to the railroad station, platform or other structures of the railroad. If such be the case, the railroad property does benefit from the improvement of the abutting public right-of-way and is liable to assessment for the cost of the improvement. The railroad in such instance is also responsible for maintaining in a reasonably safe condition the public right-of-way.

We reluctantly conclude that whether or not the street involved abuts upon the property of the railroad right-of-way there is no liability on the part of the railroad for the injuries concerned herein.

Now, May 4, 1951, judgment in favor of the City of Scranton upon the pleadings is refused and the motion therefor dismissed.